# SUPPLEMENT.

## OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

It is not within the constitutional power of the Legislature to authorize the Governor, by and with the advice and consent of the Council, to appoint women notaries public.

THE following order was adopted by the House of Representatives on April 8, 1896, and thereupon transmitted to the Justices of the Supreme Judicial Court, who, on April 29, 1896, returned the opinion which is subjoined.

Ordered, that the Justices of the Supreme Judicial Court be required to give their opinion to the House of Representatives upon the following important question of law:

Is it within the constitutional power of the Legislature to authorize the Governor, by and with the advice and consent of the Council, to appoint women notaries public, as provided in the bill entitled, "An Act providing for the appointment of women to be notaries public," now pending before the General Court?

To the Honorable House of Representatives of the Commonwealth of Massachusetts:

We, the undersigned Justices of the Supreme Judicial Court, in reply to your order, a copy of which is annexed, respectfully submit the following opinion.

The question upon which our opinion is now required was suggested in the opinion given by the Justices to the Governor and Council on March 18, 1890. 150 Mass. 586.

The first paragraph of Article IV. of the Amendments to the Constitution is as follows: "Notaries public shall be appointed

by the Governor in the same manner as judicial officers are appointed, and shall hold their offices during seven years, unless sooner removed by the Governor, with the consent of the Council, upon the address of both houses of the Legislature."

By the Constitution, c. 2, § 1, art. 9, " All judicial officers . . . shall be nominated and appointed by the Governor, by and with the advice and consent of the Council; and every such nomination shall be made by the Governor, and made at least seven days prior to such appointment."

In the opinion given to the Governor and Council on March 18, 1890, the Justices advised that under the Constitution a woman could not be appointed a notary public in the absence of any legislation authorizing such an appointment. We have carefully considered the question of the power of the Legislature to authorize such an appointment, and are of opinion that, if the Constitution does not confer the power upon the Governor and Council, the Legislature cannot confer it. The Legislature in this respect cannot enlarge the power given to the Governor and Council by the Constitution unless the Constitution has authorized the Legislature to do this, and we can find no such authority in the Constitution. The power of the General Court, with reference to officers and offices, so far as it is expressly conferred by the Constitution, is found in c. 1, § 1, art. 4, and it is full power and authority " to name and settle annually, or provide by fixed laws for the naming and settling all civil officers within the said Commonwealth, the election and constitution of whom are not hereafter in this form of government otherwise provided for; and to set forth the several duties, powers, and limits of the several civil and military officers of this Commonwealth, and the forms of such oaths or affirmations as shall be respectively administered unto them for the execution of their several offices and places, so as the same be not repugnant or contrary to this Constitution."

It is to be noticed that the power of the General Court to set forth the several duties, powers, and limits of the several civil and military officers of the Commonwealth is not limited to the officers whom the Legislature is empowered to name and settle, but includes all civil and military officers of the Commonwealth. But the power to name and settle civil officers, or to provide by

fixed laws for naming and settling them, is confined to those the election and constitution of whom are not provided for in the Constitution. The question is not whether the Legislature cannot confer upon some officer whose office is created by statute some or all of the powers now exercised by notaries public in the Commonwealth. If this were done, such an officer would not be a notary public in the sense in which the words are used in the Constitution. The Constitution did not create the office of notary public. It was an office known to the Roman law, and has existed in all or nearly all Christian countries for many centuries. The duties of the office in this Commonwealth are in part prescribed by statute, and in part are such as by usage notaries public for a long time have been accustomed to perform, and the international character and relations of notaries public are important. The history of the office was briefly given in the opinion hereinbefore cited.

The fact that the duties of notaries public in this Commonwealth are not strictly judicial does not, in our opinion, necessarily affect the question before us. The question in every case is of the meaning of the Constitution, and, in determining this, the history and nature of the particular office and the usages of this and other States and countries with regard to the office at the time of the adoption of the Constitution must be considered. At that time as well as at the time of the adoption of the Fourth Amendment, so far as we are aware, the usage to appoint only men to be notaries public was as general as to appoint only men to judicial offices.

Where an office is created by statute, the tenure, the mode of appointment, the qualifications required, the duties of the office, and the compensation, are wholly within the control of the Legislature, unless there is some limitation put upon the Legislature by the Constitution; and the statute creating the office may be altered or repealed by the Legislature at any time. But if the tenure of an office and the mode of appointment are prescribed by the Constitution, the Legislature cannot change them, unless the Constitution gives the Legislature authority to do so. If the qualifications for the office are prescribed by the Constitution, the Legislature cannot change them. If the qualifications are not prescribed by the Constitution, although the tenure and

mode of appointment are, there has been some question whether the Legislature can prescribe the qualifications, but the solution of this question in any particular case depends upon the construction of the particular clauses of the Constitution involved, as well as of the whole frame and purport of the Constitution. But if by the true construction of the Constitution persons of a certain description cannot be appointed to an office, the Legislature cannot authorize the appointment of such persons to that office. If, for example, the Constitution expressly had provided that only men or male persons should be appointed notaries public, the Legislature could not authorize the Governor and Council to appoint women to that office. The construction which heretofore has been given to the Fourth Amendment to the Constitution by the Justices of this Court is, in effect, that such is the meaning of that Amendment.

There is nothing in the Constitution which in terms prohibits women from being appointed to judicial offices, any more than from being appointed to military offices or to executive civil offices, the tenure and mode of appointment of which are provided for in the Constitution. It was the nature of the office of justice of the peace, and the usage that always had prevailed in making appointments to that office, that led the Justices to advise that it could not have been the intention of the Constitution that women should be appointed justices of the peace. 107 Mass. 604. In our opinion, the same considerations apply to the office of notary public.

For these reasons, we are of opinion that the question proposed should be answered in the negative.

> WALBRIDGE A. FIELD.
> CHARLES ALLEN.
> OLIVER WENDELL HOLMES.
> MARCUS P. KNOWLTON.
> JAMES M. MORTON.
> JOHN LATHROP.
> JAMES M. BARKER.

April 25, 1896.