March 5, }
   1917.  }

## OPINION OF THE JUSTICES.

The legislature has constitutional power to authorize the appointment of women to the office of notary public.

*To the Honorable Justices of the Supreme Court of New Hampshire.*

Gentlemen:

On the fourteenth day of February, instant, the senate passed the following resolution:

"Whereas a bill entitled 'An act relating to qualifications of Notaries Public' has been introduced and is now pending in the senate, the essential part of which, for the purpose of the following resolution, is as follows:

'SECT. 1. Any person whether male or female, but in all other respects except sex, qualified to vote in town or state affairs may be appointed to the office of notary public.'

Now therefore be it

Resolved, that the president of the senate be and he hereby is directed to obtain the opinion of the supreme court as soon as possible as to whether, if said act were passed, it would violate any provision of the state constitution, and more particularly as to whether the legislature has the constitutional power to authorize the governor and council to appoint women to the office of notary public."

Agreeably to, and in accordance with, the instructions contained in said resolution, I desire your honorable body to consider the question raised and submitted in the same, and to report to me your opinion, for the benefit of the senate, as soon as convenient.

Respectfully yours,

JESSE M. BARTON,
*President of the Senate.*

Concord, N. H., February 27, 1917.

*The Honorable Jesse M. Barton, President of the Senate.*
   Sir:

The undersigned justices of the supreme court, in response to your communication under date of February 27 informing us of the passage by the senate on February 14 of a resolution requesting our

advice, under the requirements of the constitution respectfully submit our opinions upon the question presented.

The question is whether the legislature has constitutional power to authorize the appointment of women to the office of notary public. The question is answered in the affirmative. The legislature has such power. In 1906 at the request of the governor and council the justices expressed the opinion that the executive was without power to appoint a woman notary public, because a notary public was a public officer and by our common law a woman could not hold public office and no legislation was discovered abrogating our common law rule as to this office. 73 N. H. 621. It was then stated that because the appointment of notaries was provided for in the Massachusetts constitution, it was there held that the legislature was without power to make the qualifications for the office different from what they were understood to be when the constitution was adopted (165 Mass. 599) but it was said that notaries are not mentioned in our constitution. No opinion was then expressed upon the question of legislative power because that question was not within the constitutional advice-requiring power of the body then asking. But attention was called to the legislation removing the restrictions upon the holding of certain public offices by women, that had been enacted. Laws 1872, c. 8; G. L., c. 87, s. 10; Laws 1879, c. 57, s. 19; *Ricker's Petition*, 66 N. H. 207, 230. As the restriction is merely a common-law rule, the legislature has power to abolish the rule in the absence of constitutional inhibition. By the constitution full power and authority is given to the general court to "provide by fixed laws for the naming and settling, all civil officers within this state, such officers excepted the election and appointment of whom are hereafter in this form of government otherwise provided for; and to set forth the several duties, powers, and limits of the several civil and military officers of this state." Const. Part II, *art.* 5.

As notaries public are not mentioned in the constitution, they are not excepted from the general grant and the whole matter of providing for their appointment and of prescribing the qualifications essential thereto is left to the judgment of the general court.

FRANK N. PARSONS.
REUBEN E. WALKER,
JOHN E. YOUNG.
ROBERT J. PEASLEE.
WILLIAM A. PLUMMER.

March 5, 1917.