Argued January 5, decided February 2, 1909.

## OREGON *v.* PACIFIC STATES TEL. & TEL. CO.

[99 Pac. 427.]

STATUTES—INITIATIVE MEASURE—SUBJECT OF VETO POWER.

1. An initiative measure, enacted under the initiative and referendum provision of the constitution, is not subject to the veto powers of the Governor.

TAXATION — CONSTITUTIONAL PROVISIONS — DOUBLE TAXATION — INITIATIVE MEASURES.

2. The payment by a corporation of the fee provided by Laws 1903, p. 39, which imposed an annual license fee on corporations according to their capital stock, does not exempt the corporation from paying a 2 per cent tax on its gross receipts, imposed by the initiative measure of 1906, since the annual fee is a business or excise tax, and the other tax is one on the franchise, and hence the taxes do not amount to double taxation, prohibited by Section 32, Article I, Constitution of Oregon.

TAXATION—VALIDITY OF STATUTES—INITIATIVE MEASURES—CORPORATIONS—FRANCHISE ALREADY TAXED.

3. The fact that a corporation has paid all taxes assessed and levied on its property, "including the value of its franchise," does not render invalid the initiative measure of 1906, imposing a tax of 2 per cent on its gross receipts, where at the time the assessment and levy were made there was no law requiring a corporate franchise to be assessed nor providing the manner of estimating the value thereof.

STATUTES — AMENDMENT OF CONSTITUTION — INITIATIVE AND REFERENDUM.

4. The initiative and referendum amendment to the constitution does not violate the provisions of the Federal Constitution.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by the State against the Pacific States Telephone & Telegraph Company to recover 2 per cent

of the gross receipts of such company for the year 1906.
The case is as follows:

In 1903 the legislature passed an act requiring all
corporations, domestic and foreign, doing business in
the State, to pay an annual license fee of from $10 to
$200, according to their capital stock. Laws 1903, p. 39.
In 1906 there was proposed by an initiative petition, and
adopted by the people in June of that year, pursuant to
the provisions of the initiative and referendum amend-
ment to the constitution, and without reference to the
legislature, an act requiring telephone and telegraph com-
panies to pay a license of 2 per cent per annum on the
gross receipts of the company, and requiring such cor-
porations to make annual statements to the State Treas-
urer of the amount of such receipts as a basis for such
tax.   The defendant corporation is an Oregon concern
and made the returns, required by the act, for the year
1906, but refused to pay the tax thereon, and hence this
suit.

It answered the complaint, denying liability on the
grounds:   (1) That the initiative act requiring it pay
such license or tax was never approved by the Governor,
nor submitted to him for his approval; (2) that the
defendant has paid the annual license fee required by
the act of 1903, and also all state, county, and school
taxes levied upon all of its property, "including its fran-
chise to do business," and therefore the act of 1906 is
unconstitutional and void because violative of Section
32, Article I, of the State Constitution, requiring that
"all taxation shall be equal and uniform"; (3) that the
initiative and referendum amendment to the constitu-
tion, under which the act of 1906 was proposed and
adopted, is unconstitutional and void, because repugnant
to Sections 2, 3, 4 and 8 of Article I, Section 1 of Article
II, Sections 3 and 4 of Article IV, Article V, Article VI,
and section 1 of the fourteenth amendment to the Con-
stitution of the United States; and also to Act Cong.

Feb. 14, 1859, c. 33, 11 Stat. 383, admitting Oregon to the Union, and the act approved June 1, 1789 (chapter 1, § 3, 1 Stat. 23, Rev. St. U. S. § 1836 [U. S. Comp. St. 1901, p. 1256] ). Other grounds of objection are set forth in paragraphs 24, 25, 26, and 27 of the answer, but were stricken out on application of the defendant.

The plaintiff demurred to the new matter pleaded in the answer, on the ground that it did not constitute a defense to the cause of action stated in the complaint. The demurrer was sustained, judgment rendered in favor of plaintiff, and defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. E. S. Pillsbury, Messrs. Carey & Kerr* and *Mr. Harrison Allen,* Attorneys, and *Messrs. Pillsbury, Madison & Sutro* of Counsel, with an oral argument by *Mr. Chas. H. Carey.*

For respondents there was a brief over the names of *Mr. Andrew M. Crawford,* Attorney-General, *Mr. Isaac H. Van Winkle,* Assistant Attorney-General, *Mr. Wm. P. Lord, Jr., Mr. Alford S. Bennett* and *Mr. Nicholas J. Sinnott,* with oral arguments by *Mr. Crawford* and *Mr. Bennett.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The question whether an initiative measure is subject to the veto power of the Governor was decided in *State* v. *Kline,* 50 Or. 426 (93 Pac. 237), and that case is conclusive here. What is said on the subject in *Kadderly* v. *Portland,* 44 Or. 118, 146 (74 Pac. 710: 75 Pac. 222), was in answer to the point that the initiative and referendum amendment deprived the Governor of a veto power over acts of the legislature and had no reference to measures proposed by the initiative.

2. The annual license fee required by the act of 1903 to be paid by corporations is a business or excise tax

on the right to be or exercise the powers of a corporation, and is in no sense a tax on property; nor is it a tax on the business or franchise which the corporation, when organized, may exercise. *Am. S. & R. Co.* v. *People,* 34 Colo. 240 (82 Pac. 531) ; *Delaware R. Tax,* 18 Wall. 206 (21 L. Ed. 888) ; *Home Ins. Co.* v. *New York,* 134 U. S. 594 (10 Sup. Ct. 593: 33 L. Ed. 1025). The right to be a corporation, or do business as such, rests entirely within the discretion of the State, and it may therefore require it to pay a specified sum each year, or at stated intervals, for the privilege. The payment of such fee or tax, however, does not exempt the corporation from other forms of taxation. It may be also required to pay a tax on its tangible property and a tax on its intangible property or franchise; the latter to be in proportion to its income or measured in any other way the lawmaking power may adopt. 27 Am. & Eng. Enc. Law (2 ed.) 932; 57 L. R. A. 98, note. "The State," says Mr. Justice FIELD, "may impose taxes upon the corporation as an entity existing under its laws, as well as upon the capital stock of the corporation, or its separate corporate property; and the manner in which its value shall be assessed and the rate of taxation, however arbitrary or capricious, are mere matters of legislative discretion. It is not for us to suggest in any case that a more equitable mode of assessment or rate of taxation might be adopted than the one prescribed by the legislature of the State. Our only concern is with the validity of the tax. All else lies beyond the domain of our jurisdiction." 18 Wall. 231 ( 21 L. Ed. 888). See, also, *Maine* v. *Grand Trunk Ry. Co.,* 142 U. S. 217 (12 Sup. Ct. 121: 35 L. Ed. 994). Among the elements of corporate taxable values are the franchise, capital stock in the hands of the corporation, the tangible corporate property, and shares of stock in the hands of individual holders; and all of the authorities agree that a tax upon the franchise, whether based on income or measured in some other manner, and a tax

on the tangible corporate property, is not double taxation. Cooley, Taxation, 406; *Com'rs* v. *Tobacco Co.,* 116 N. C. 441 (21 S. E. 423); *Home Ins. Co.* v. *New York,* 119 U. S. 129 (8 Sup. Ct. 1385: 30 L. Ed. 350); *Commonwealth* v. *New England Slate & Tile Co.,* 13 Allen (Mass.) 391; *Commonwealth* v. *Railroad Co.,* 150 Pa. 234 (24 Atl. 609); *Wil. Col. & Augusta R. Co.* v. *Board of Commissioners of Brunswick County,* 72 N. C. 10; *State Tax Ry. on Gross Receipts,* 15 Wall. 284 (21 L. Ed. 164).

3. Nor does the fact that plaintiff may have paid all taxes assessed and levied on its property, "including the value of its franchise," render invalid the law levying a tax on its gross income. At the time the assessment and levy alluded to were made, there was no law specifically requiring the franchise of a corporation to be assessed, nor providing the manner of estimating the value thereof, and clearly a law on the subject regularly enacted could not be rendered nugatory or invalid by local assessors including in the value of corporate property their estimate of the value of the franchise.

4. Whether the initiative and referendum amendment to the constitution is invalid, because repugnant to the provisions of the Constitution of the United States, was thoroughly argued to and considered by this court in *Kadderly* v. *Portland,* 44 Or. 118 (74 Pac. 710: 75 Pac. 222), and the views of the court as then and now entertained are indicated in the opinion filed in that case, and it is needless to re-state them at this time.

It follows from these views that the judgment of the court must be affirmed, and it is so ordered.

AFFIRMED.