### BONNER v. BELSTERLING et al.[†]

(Court of Civil Appeals of Texas. Dallas.
May 27, 1911. Rehearing Denied
May 30, 1911.)

1. INJUNCTION (§ 81*)—OFFICERS—PROTECTION—REMOVAL.

One elected a member of the board of education of a city at a regular election for a specified term is, on his qualifying as such member and entering on his duties, entitled to an injunction to prevent one from wrongfully ousting him from office.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 152; Dec. Dig. § 81.*]

2. MUNICIPAL CORPORATIONS (§ 159*)—OFFICERS—REMOVAL.

The signing and presentation of a petition under the recall provision in Dallas City Charter (Sp. Laws 1907, c. 71), providing for a recall election on petition, do not operate to remove an officer named in the petition, but a compliance with the provision providing for and regulating a recall election is necessary.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 159.*]

3. CONSTITUTIONAL LAW (§ 277*)—DUE PROCESS OF LAW—PROTECTION OF "PROPERTY."

The office of member of the board of education of a city is property only in the sense that the incumbent is entitled to the emoluments of the office so long as he holds it lawfully; but the office is not property within the state and federal Constitutions, providing that no person shall be deprived of property without due process of law, and a recall provision in the charter of a city is not invalid as de-

priving an officer of property without due process of law.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 949; Dec. Dig. § 277.*

For other definitions, see Words and Phrases, vol. 6, pp. 5693–5728; vol. 8, pp. 7768–7770.]

4. CONSTITUTIONAL LAW (§ 140*)—IMPAIRING OBLIGATIONS OF CONTRACTS—RECALL PROVISIONS IN CITY CHARTER.

The recall provision in Dallas City Charter (Sp. Laws 1907, c. 71), providing for the recall of city officers, is not invalid as impairing the obligation of contracts, for an officer does not hold office by contract but by election.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 336, 356–361; Dec. Dig. § 140.*]

5. MUNICIPAL CORPORATIONS (§ 56*)—REPUBLICAN FORM OF GOVERNMENT—CONSTITUTIONAL GUARANTIES.

The recall provision in Dallas City Charter (Sp. Laws 1907, c. 71), providing for the recall of city officers, is not invalid as obnoxious to a republican form of government guaranteed by Const. U. S. art. 4, § 4, as that provision is a guaranty to the states at large, and not to systems of local government provided by the states for regulation of municipalities.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 56.*]

6. CONSTITUTIONAL LAW (§ 70*)—JUDICIAL POWER.

The courts may not review the action of the Legislature; but, when called on to administer a statute, it must determine whether it is in conflict with the Constitution.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 129–131; Dec. Dig. § 70.*]

7. CONSTITUTIONAL LAW (§ 26*)—GRANT OR LIMITATION OF LEGISLATIVE POWER.

The Legislature may exercise all legislative power which is not forbidden expressly or by implication by the Constitution, and, where there is any doubt as to the validity of a statute, it must be upheld.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 30; Dec. Dig. § 26.*]

8. SCHOOLS AND SCHOOL DISTRICTS (§ 53*)—OFFICERS—REMOVAL — "COUNTY OFFICER."

The office of member of the board of education of the city of Dallas provided for by the city charter (Sp. Laws 1907, c. 71) is a municipal office, and the incumbent is not a county officer within Const. art. 5, § 24, providing that enumerated officers and "other county officers" may be removed by the judges of the district courts for incompetency, and one elected to the office under the charter, containing a recall provision, may not complain of the provision on the ground that it provides for the removal from office in a manner not prescribed by the Constitution.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 53.*

For other definitions, see Words and Phrases, vol. 2, pp. 1663–1666.*]

9. STATUTES (§ 101*)—SPECIAL LEGISLATION—REMOVAL FROM OFFICE—RECALL PROVISIONS.

Under Const. art. 11, § 5, empowering the Legislature to grant or amend, by special act, charters of cities having more than 10,000 inhabitants, a charter granted by special law, providing for city officers and their recall, creates offices by special law, and the recall provision is not violative of Const. art. 16, § 43,

providing that no one shall be exempted by special law from performance of any public duty imposed by general law.

[Ed. Note.—For other cases, see Statutes, Dec. Dig. § 101.*]

10. CONSTITUTIONAL LAW (§ 321*)—JURY (§ 10*)—MUNICIPAL CORPORATIONS (§ 124*)—CHARTER PROVISIONS—RECALL OF OFFICERS—VALIDITY.

The provision in Dallas City Charter (Sp. Laws 1907, c. 71) for the recall of city officers on petition and election is not violative of Const. art. 1, §§ 13, 15, and article 4, § 25, guaranteeing a remedy for every injury, and empowering the Legislature to pass laws regulating the right to trial by jury and laws facilitating the investigation of breaches of duty by custodians of public funds, and providing for their suspension from office on reasonable cause shown.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 321;* Jury, Dec. Dig. § 10;* Municipal Corporations, Dec. Dig. § 124.*]

11. MUNICIPAL CORPORATIONS (§ 124*)—PROVISIONS FOR RECALL OF OFFICERS—VALIDITY.

The provision in the Dallas City Charter (Sp. Laws 1907, c. 71) for the recall of city officers is not prohibited by either the state or federal Constitution and is valid.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 124.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Shearon Bonner against E. A. Belsterling and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Meador, Davis & Senter and A. B. Flanary, for appellant. J. J. Collins, Lee Richardson, and H. P. Lawther, for appellees.

BOOKOUT, J. This was a suit by appellant, Shearon Bonner, against E. A. Belsterling, J. D. Carter, J. B. McCraw, M. A. Turner, W. A. Goode, and Frank Gilbert, citizens of Dallas; the petition alleging, in substance: That on the 5th day of April, 1910, an election was held in the city of Dallas for members of the board of education, and that C. C. Lane, as president, H. D. Ardrey, Robert N. Watkin, John W. George, L. K. Wright, and John C. Mann, and petitioner, were elected and duly qualified as members of said board. That on the 11th day of August, 1910, another election was held, and John W. George and J. C. Mann were removed from said board, and that J. D. Carter and J. B. McCraw were elected and qualified as their successors. That thereafter on the 4th day of April, 1911, another recall election was held under the provisions of article 9 of the city charter of the city of Dallas (Sp. Laws 1907, c. 71), and in compliance with the provisions thereof, and in said election E. A. Belsterling, as president, and J. D. Carter, John B. McCraw, M. A. Turner, W. A. Goode, and Frank Gilbert were chosen as members of said board of education, to succeed C. C. Lane, as president, H. D. Ardrey, L. K. Wright, J. D. Carter, John B. McCraw, and

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

this plaintiff, Shearon Bonner, provided said article is valid and enforceable. That in said last election John W. George and J. C. Mann were not candidates. That the right and title of E. A. Belsterling, as' president, and M. A. Turner, W. A. Goode, and Frank Gilbert as members of the board of education, depends entirely upon the recall election held upon the 4th day of April, 1911, and upon the validity of the said recall provisions of the said city charter of the city of Dallas.

Plaintiff charges that the said defendants, Belsterling, Carter, Gilbert, Goode, McCraw, and Turner, are utterly without right or authority to exercise the functions of the board of education of the city of Dallas, unless said recall provisions of the city charter of the city of Dallas are valid, and unless said election held thereunder is a lawful election, and unless the lawful members of said board of education, namely, those elected at the election held on the first Tuesday of April, in the year 1910, could be removed from their offices prior to the expiration of the term of two years to which they were elected, by means of the exercise of the said recall provision of the city charter of the city of Dallas. He alleges that having been lawfully elected as a member of the board of education of said city of Dallas, for the term of two years, he is now entitled to hold his position as a member of said board of education and to exercise all the functions and privileges as a member of said board, but that he is unlawfully and wrongfully deprived of his office, and the same is wrongfully withheld from him by the defendants herein, and that defendants wrongfully refuse to permit this plaintiff to exercise the right appertaining to his office.

The prayer is that plaintiff be restored to the possession of his office, and that a writ of mandatory injunction be issued, directed to each of the defendants, commanding and requiring them, and each of them, to desist from further acting and from pretending to act as a board of education of the city of Dallas, and as members thereof, and from depriving this plaintiff of his privilege of so acting, and from exercising and pretending to exercise control over the public schools of the city of Dallas, and from interfering with, or molesting in any way, the plaintiff in his exercise of his rightful authority as a member of said board of education, and to desist from receiving and disbursing the funds belonging to the public schools of said city, and from discharging or attempting and pretending to discharge any of the teachers or other employés of said public schools, and from exercising or attempting to exercise any right, privilege, authority, or power in any way appertaining to the office of said board of education or a member thereof, and that, upon final hearing, said injunction shall be made perpetual.

The defendants demurred generally to the petition, which demurrer was sustained, and the injunction prayed for refused. To this action the plaintiff excepted and perfected an appeal.

[1] If, as alleged, the appellant was elected a member of the board of education of Dallas at an election held in April, 1910, for the term of two years, and he afterwards qualified as such member and entered upon the duties of the office, his term not having expired, he was entitled to a writ of injunction preventing defendants from ousting him from office, unless the election held in April, 1911, removing him from office and electing his successor, was a valid election and held under a valid law. It is conceded the election was held under the recall provisions of the charter, and in compliance with their requirements; but it is asserted in the petition, and here contended, that these provisions of the charter are invalid. This appeal brings before us the validity of the recall provisions of the charter. The question is: Did the Legislature have the power by special charter to authorize the people of Dallas to remove a member of the board of education from office at a special election called upon a petition as provided for in article 9 of the charter? In other words, is the recall feature of the charter constitutional? Article 9 of the special charter of the city of Dallas, providing for the recall of elective officers, contains the following provision: "A petition signed by the qualified voters of said city, equal in number to at least 35 per cent. of the entire votes cast for the office of mayor on the final ballot at the last preceding general municipal election, demanding the election of a successor of the person sought to be removed, shall be filed with the city secretary; provided, that the petition sent to the board of commissioners shall contain a general statement of the grounds upon which removal is sought. The signatures to the petition need not be all appended to one paper, but each signer shall add to his signature his place of residence, giving the street and number. One of the signers of each such paper shall make oath before a notary competent to administer oaths that the statements made herein are true, and that each signature to the paper appended is the genuine signature of the person whose name purports to be thereunto subscribed."

[2] It is insisted by appellant in argument that the signing and presentation of a petition as required by this article of the statute operated as a removal of the officer named in the petition. This argument is not sound. After the presentation of the petition, the charter requires the board of commissioners to determine whether the petition is sufficient, and, if sufficient, to fix a date for the holding of the election and cause publication and arrangements to be made for its holding not less than 30, nor

more than 40, days from the time the petition is found to be sufficient. The election is to be conducted and the result declared in all respects as other city elections, and a majority of all the votes is made necessary to elect. In the event no candidate shall receive a majority at the first election, a second election shall be held. The successor of any officer so removed is to hold office during the unexpired term of his predecessor. Any person sought to be removed may be a candidate to succeed himself, and, unless he requests otherwise in writing, the city secretary shall place his name on the official ballot without nomination. In any such removal election the candidate receiving the highest number of votes shall be declared elected. At such election, if some other person than the incumbent receives the highest number of votes, the incumbent shall thereupon be deemed removed from the office upon the qualification of his successor. A compliance with all these prerequisites is necessary to operate as a recall and removal of an incumbent from office.

[3] It is contended by appellant that this article of the charter operates to deprive a citizen of property and privileges without due process and in a manner other than by due course of the law of the land. In other words, that a public office is "property" within the meaning of the federal and state Constitutions that "no person shall be deprived of life, liberty or property without due process of law." This contention is not tenable. The office of member of the board of education of the city of Dallas is not "property" within the meaning of that word as used in the state and federal Constitutions. Offices are created for the public good, at the will of the legislative power, with such privileges and emoluments attached as are believed to be necessary to make them accomplish the purposes designed. Except as restrained by the Constitution, the Legislature may reduce the compensation of an office, and, except as to incumbents of a constitutional office, it may remove officers not only by abolishing the office, but by an act declaring it vacant. Whoever accepts a public office must accept it with this principle in view. Atty. Gen. v. Jochim, 99 Mich. 358, 58 N. W. 611, 23 L. R. A. 699, 41 Am. St. Rep. 606; Graham v. Roberts, 200 Mass. 152, 85 N. E. 1009.

The office of member of the board of education of Dallas is property only in the sense that the incumbent is entitled to receive the emoluments of the office so long as he holds the same and until he has ceased to legally occupy the office. But it is not property within the meaning of that word as used in the state and federal Constitutions. Atty. Gen. v. Jochim, supra; In re Carter, 141 Cal. 316, 74 Pac. 997; Butler v. Pennsylvania, 10 How. 402, 13 L. Ed. 472; Augusta v. Sweeney, 44 Ga. 463, 9 Am. Rep.

172; Throop on Officers, §§ 345, 346, 17-19; Connor v. Mayor, 5 N. Y. 296; Nichols v. McLean, 101 N. Y. 533, 5 N. E. 347, 54 Am. Rep. 730; Hoboken v. Gear, 27 N. J. Law, 273; Kenny v. Hudspeth, 59 N. J. Law, 322, 36 Atl. 662; State v. Council, 53 Minn. 242, 55 N. W. 118, 39 Am. Rep. 595.

It is contended that the recall provision of the charter seeks to substitute within the municipality a socialistic and communistic system of government in lieu of a republican form of government, and that it operates to impair the obligation of contract. We do not concur in this contention.

[4] The charter does not impair the obligation of contract. The appellant held his office by election and not by contract.

[5] It is neither socialistic, communistic, nor obnoxious to a republican form of government to require an elective officer of a municipal government to submit to the voters of the city the issue for their determination whether he shall longer continue in office. Kadderly v. City of Portland, 44 Or. 118, 74 Pac. 710, 75 Pac. 222; In re Pfahler, 150 Cal. 71, 88 Pac. 271, 11 L. R. A. (N. S.) 1092; Eckerson v. City of Des Moines, 137 Iowa, 452, 115 N. W. 177. In the case last cited it was held, and we think correctly, that a republican form of government within the meaning of article 4, § 4, of the federal Constitution, guaranteeing to the states a republican form of government, was a guaranty to the state at large and not to the systems of local government provided by the states for the regulation of their municipalities. At the time of granting the charter, the Legislature that passed it was composed of good men from every calling, and from every part of the state, among the number many lawyers. It is common knowledge that charters are formulated by the people of the towns, presented by their representatives to the Legislature, and, in case of opposition, committees attend upon the Legislature to secure the wish of the majority. The city of Dallas had three representatives in the House and one in the Senate that enacted this law. The members of the Legislature did not regard the law as socialistic or communistic or as obnoxious to a republican form of government.

[6] Under the law a court has no power to review the action of the legislative department of the government, but, when called upon to administer a law enacted by it, must, in the discharge of its duty, determine whether the law is in conflict with the Constitution, which is superior to any enactment that the Legislature may make.

[7] But in the examination of such a question it must be borne in mind that, except in the particulars wherein it is restrained by the Constitution of the United States, the legislative department may exercise all legislative power which is not forbidden expressly or by implication by the provisions of the Constitution of Texas. If there is

any doubt as to the validity of the law, it is due to the co-ordinate branch of the government that its action should be upheld and its decision accepted by the judicial department. Brown v. City of Galveston, 97 Tex. 9, 75 S. W. 488.

[8] It is insisted that article 9 of the city charter of Dallas is invalid because it would operate to remove an officer for causes other than those prescribed by law, without the finding of the truth of. the same by a jury, and through a mode contrary to the procedure required by the Constitution. Appellant cites article 5, § 24, of the Constitution in support of this contention. This article reads: "County judges, county attorneys, clerks of the district and county courts, justices of the peace, constables and other county officers, may be removed by the judges of the district courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing, and the finding of its truth by a jury." The office of member of the board of education of Dallas is not one of the officers named in this section of the Constitution, and, unless such officer comes within the meaning of "other county officers" mentioned in the above clause, he is not a county officer. Appellant argues that a school trustee, such as a member of the board of education of the city of Dallas, is a county officer and comes within the class "other county officers" referred to in the Constitution. In support of this argument, appellant cites the cases of Hendricks v. State, 20 Tex. Civ. App. 178, 49 ·S. W. 705, and Kimbrough v. Barnett, 93 Tex. 301, 55 S. W. 120. In the Hendricks Case the question before the court was whether a school trustee in a school district, which is a subdivision of the county, as are commissioners' and justices' precincts, is a county officer. It was held that such a trustee is an officer in and for the precinct of the county of which his precinct is a part, and therefore of the county itself. In that case it was said that: "In the case of the trustees appointed by the county judge for school communities, they may be removed by that officer upon the written application of a majority of the patrons of the school. Rev. St. 1895, art. 3955." This decision, in effect, holds that a trustee of a school district in a subdivision of the county such as a justice's precinct is a county officer, and that such a trustee can be removed by the officer who appointed him. In the case of Kimbrough v. Barnett, it was held that the trustee of an independent school district is a county officer within the meaning of section 30, art. 16, of the Constitution, stipulating that the "duration of all officers not fixed by the Constitution shall never exceed two years." But it does not hold that such a trustee is a county officer within the meaning of section 24, art. 5, of the Constitution, specifying the causes for which county judges, county clerks, and other county officers may be removed from office in a suit at law. The removal sought was not of the character provided for in this section of the Constitution.

The city of Dallas in procuring the charter intended that the elective officers of the city should be subject to both the existing and changing public sentiment on all local measures, and that, if the official conduct of any elective officer failed at any time to so respond, he was subject to recall, if the majority of the voters of the city so determined. The appellant accepted the trust subject to this power in his constituency, and the duration of his term of office is dependent upon the will of the majority as expressed at the polls. Whether the interests of the city will be better subserved by a ready obedience to public sentiment than by the adherence to the individual opinion of the officer on questions of public concern is a political, and not a legal, question. Hilzinger v. Gillman, 56 Wash. 228, 105 Pac. 472.

The office of member of the board of education of the city of Dallas is an office created by the charter of said city, and such member is a municipal officer, and not a county officer, within the meaning of section 24, art. 5, of the Constitution of Texas. The office is created by the charter, which also contains the recall provision, and it was under this charter that the appellant was elected a member of the board. Appellant having been elected under a charter containing the recall provision, his right to the office, as was said in Griner v. Thomas, 101 Tex. 41, 104 S. W. 1060, "is qualified by all preceding valid laws which provide for its suspension or termination." His term of office, as stated in the charter, was two years; but this was subject to the condition subsequent that 35 per cent. of the entire votes for candidates for mayor at the last preceding election could by petition express their disapproval of his official action and demand that he be sustained by a vote of confidence. Such procedure is not in conflict with the Constitution. The Constitution recognizes that large growing cities should be permitted to determine for themselves and in their own way. the many important questions of local policy as they arise.

[9] Article 11, § 5, of the Constitution provides that "cities having more than ten thousand inhabitants may have their charters granted or amended by special act of the Legislature." Under this clause the Legislature had authority to grant the special charter to Dallas, and to include therein the recall provision. But appellant contends that the recall provision violates article 16, § 43, of the Constitution. This section provides that: "No man or set of men shall be exempted, relieved or discharged from the performance of any public duty or service imposed by general law, by any special law. Exemptions from the performance of such

public duty or service shall only be made by general law." The Legislature having been authorized to grant or amend a charter to a city with the population of Dallas by special law, and the charter granted having placed the public schools of the city under the management and control of a board of education composed of a president and members and provided for their election, it follows that, the office of president and members of the school board having been created by special law and not general law, article 16, § 43, of the Constitution does not apply.

[10] Appellant cites sections 13 and 15, art. 1, and section 25, art. 4, of the Constitution as inhibiting the recall provision of the charter. We have carefully considered these provisions of the Constitution, and it is clear that they do not expressly restrain the enactment complained of; nor do they, by fair implication, have that effect.

[11] It follows, therefore, that this provision of the charter, not being prohibited by either the state or federal Constitutions, must be held valid. Hilzinger v. Gillman, 56 Wash. 228, 105 Pac. 472; In re Pfahler, supra; Good v. Common Council, 5 Cal. App. 265, 90 Pac. 45; Kadderly v. Portland, supra; State v. Pacific States Telegraph & Telephone Co., 53 Or. 162, 99 Pac. 427; Eckerson v. City of Des Moines, supra; City of St. Louis v. Western Tel. Co., 149 U. S. 467–470, 13 Sup. Ct. 990, 37 L. Ed. 810; Meriwether v. Garrett, 102 U. S. 511, 26 L. Ed. 197; Graham v. Roberts, supra. This court, in a case in which the regular judges were disqualified and the court was composed of special judges, after mature consideration, held that the initiative provision of the Dallas charter was constitutional. Telegraph Co. v. City of Dallas, 131 S. W. 80. A writ of error was granted by the Supreme Court, and the case was reversed because the method pointed out in the initiative clause of the charter had not been followed in the passage of the ordinance. Telegraph & Tel. Co. v. City of Dallas (Tex.) 134 S. W. 321. In that case, in the opinion of the Supreme Court, it was said: "There is nothing in our Constitution which forbids the Legislature to submit proper subjects to the voters of the city by referendum. The authority of the Legislature in creating municipal corporations is ample for that purpose." This is a holding, in effect, that the initiative and referendum features of the charter are not prohibited by the Constitution.

The cause has been briefed on both sides by able lawyers, and the briefs show exhaustive research. The only cases cited by appellant's counsel sustaining their contentions are the two cases styled Ex parte Farnsworth (Tex. Cr. App.) 135 S. W. 535 and 538, by the Honorable Court of Criminal Appeals of this state. While we have great regard for the opinions of that court, we are not favorably impressed with the reasoning in those cases. It is in conflict with the principles announced by the Supreme Court in Brown v. City of Galveston, and is contrary to its holding in Telegraph & Telephone Co. v. Dallas.

It follows from the above remarks the judgment must be affirmed.

Affirmed.