# IN THE OREGON TAX COURT

## PACIFIC FIRST FEDERAL SAVINGS BANK
*v.*
## DEPARTMENT OF REVENUE
(TC 2719)

Jeffrey E. Boly, Hanna, Murphy, Jensen & Holloway, Portland, represented plaintiff.

Ted E. Barbera, Senior Assistant Attorney General, Department of Justice, Salem, represented defendant.

Defendant's Cross Motion For Summary Judgment granted October 11, 1988.

## CARL N. BYERS, Judge.

Plaintiff appeals defendant's denial of a claimed refund and a net operating loss carryforward for tax years 1979 and 1980. The underlying reason for denial was defendant's contention that interest earned from federal obligations must be considered in computing plaintiff's corporate excise tax.

Plaintiff claims 31 USC § 3124(a) exempts from state taxation interest earned on federal obligations. All facts have been stipulated and the issue is before the court by the parties' respective motions for summary judgment.

31 USC § 3124(a)(1) states:

"(a)　Stocks and obligations of the United States Government are exempt from taxation by a State or political subdivision of a State. The exemption applies to each form of taxation that would require the obligation, the interest on the obligation, or both, to be considered in computing a tax, except —

"(1)　A nondiscriminatory franchise tax or another nonproperty tax instead of a franchise tax, imposed on a corporation[.]"

Plaintiff contends that (1) the Oregon corporation excise tax is not a franchise tax and, (2) even if it could be so classified, 31 USC § 3124(a) permits only one franchise tax and that is the Oregon corporation license fee. (ORS 57.767 and 57.769.)

It is undisputed that the corporation license fee is a franchise tax. However, this fact is irrelevant for purposes of this case because neither ORS 57.767 nor ORS 57.769 requires United States obligations or the interest therefrom "to be considered in computing [the] tax." Therefore, 31 USC § 3124 has no application to the Oregon corporation license fees.

The only real issue is whether the Oregon corporation excise tax fits the exception of 31 USC § 3124 as "[a] nondiscriminatory franchise tax or another nonproperty tax."

The Oregon corporation excise tax is explicitly defined:

" 'Excise tax' means a tax measured by or according to net income imposed * * * for the privilege of carrying on or doing

business in this state." (ORS 317.010(9) during subject years, currently ORS 317.010(5).)

The leading Oregon case interpreting the corporation excise tax states:

"The Oregon corporation excise tax requires that business corporations 'doing or authorized to do business within this state' shall pay an excise tax for the privilege of carrying on or doing business in Oregon and this tax shall be measured by the net income of the taxpaying corporation. It is not a tax on net income, but rather is a tax on the privilege of doing business resting upon a determination of the income which plaintiff earned solely within this state." *John I. Haas, Inc. v. Tax Com.*, 227 Or 170, 192, 361 P2d 820 (1961).

The United States Supreme Court since *M'Culloch v. Maryland*, 17 US (4 Wheat) 316, 4 L Ed 579 (1819), has consistently held that the instrumentalities of either state or federal government or the income derived therefrom may not be made the *direct* object of taxation by the other. *Home Sav. Bank v. Des Moines*, 205 US 503, 27 S Ct 571, 51 L Ed 901 (1907); *Indian Territory Illuminating Oil Co. v. Oklahoma*, 240 US 522, 36 S Ct 453, 60 L Ed 779 (1916); *Federal Land Bank v. Crosland*, 261 US 374, 43 S Ct 385, 67 L Ed 703 (1923). With like consistency, the court has upheld taxation by one government of a corporate franchise even though the measure of the tax, *i.e.,* net income, may include the obligations of the other or the income derived therefrom. *Flint v. Stone Tracy Co.*, 220 US 107, 31 S Ct 342, 55 L Ed 389 (1911).

In *Educational Films Corp. v. Ward*, 282 US 379, 51 S Ct 170, 75 L Ed 400 (1931), the court reaffirmed the distinction between: (1) a tax which is invalid because laid directly on government instrumentalities or income derived therefrom, and (2) an excise tax which is valid because imposed on corporate franchises, even though the income which is the measure of the tax includes exempt securities or their income.

Plaintiff contends that the Oregon corporation excise tax is not a franchise tax because it does not specifically tax "the privilege of engaging in business in *corporate form.*" It is true that "in corporate form" is not expressly included in the statutes but the relevant chapter, ORS chapter 317, is entitled "Corporation Excise Tax" and the definition is to impose an excise tax on each corporation "for the privilege of carrying on

or doing business in this state." (ORS 317.010.) The addition "in corporate form" would add nothing to the explicit intent.

In *Schwinden v. Burlington Northern, Inc.,* 691 Mont 1351, 691 P2d 1351 (1984), the court determined that Montana's corporation license tax statute was a franchise tax. The statute, MCA § 15-31-101, imposes a license fee "for the privilege of carrying on business in this state" and is a percentage of total net income. The court stated:

> "The reasoning of the U. S. Supreme Court in *American Bank*[1] makes it clear that a state may use, directly or indirectly, the interest income on federal obligations to determine corporate nondiscriminatory franchise taxes levied by the state." *Id.,* at 1358.

The court finds that the Oregon corporation excise tax is a franchise tax on the privilege of doing business in Oregon. Even if it were not deemed a franchise tax, it would fall within the exemption as a "nonproperty tax." Since the statute imposing the tax specifically identifies it as a tax on the privilege of carrying on or doing business, it is not a tax on the property used to conduct the business. For cases where such distinctions are important, see *Cosro, Inc. v. Liquor Control Bd.,* 107 Wash 2d 754, 733 P2d 539 (1987), and *High Tide Seafoods v. State,* 106 Wash 2d 695, 725 P2d 411 (1986).

Plaintiff alleges that if the excise tax is found to be a franchise tax double taxation will result because the corporation license fee, ORS 57.767 and ORS 57.769, is undisputedly a franchise tax. It has been established since 1909 that the payment of a corporation license fee does not exempt a corporation from other taxes, including a franchise tax measured by income. *Oregon v. Pacific States Tel & Tel Co.,* 53 Or 162, 99 P 427 (1909).

■ Double taxation occurs when the same entity is taxed twice for the same purpose in the same year. The court agrees with defendant that the corporation license fee is a tax on the right to be a corporation. The excise tax is a tax on doing business that produces income. No double taxation exists.

---

[1] *American Bank & Trust Co. v. Dallas County,* 463 US 855, 103 S Ct 3369, 77 L Ed 2d 1072, *reh'g denied* 463 US 1250, 104 S Ct 39, 77 L Ed 2d 1457 (1983).

The court affirms defendant's Opinion and Order No. 86-1579. Plaintiff's motion for summary judgment is denied and defendant's cross-motion for summary judgment is granted.

Defendant shall recover its costs and disbursements incurred herein.