Argued and submitted July 5, the decision of the Oregon Tax Court affirmed
September 19, 1989

# PACIFIC FIRST FEDERAL SAVINGS BANK,
*Appellant,*

*v.*

# DEPARTMENT OF REVENUE,
*Respondent.*

## (OTC 2719; SC S35789)

779 P2d 1033

Robert C. Weaver, Jr., Portland, argued the cause for appellant. With him on the briefs were Jeffrey E. Boly, Frank X. Curci, and Garvey, Schubert & Barer, Portland.

Ted E. Barbera, Senior Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

JONES, J.

**JONES, J.**

The issue in this case is whether applying Oregon's Corporation Excise Tax to interest earned on federal obligations violates federal law. The Oregon Tax Court ruled that it does not. *Pacific First Federal v. Dept. of Rev.,* 11 OTR 96 (1988). We affirm.

The facts are not disputed. Pacific First Federal Savings Bank (Pacific) is a federally chartered stock savings bank whose home office is in Tacoma, Washington. Since 1979, Pacific has been doing business in Oregon. For taxable years before January 1, 1983, financial corporations doing business in Oregon, including Pacific, paid Oregon's Corporation Excise Tax (Excise Tax), which was measured on net income, including interest earned from federal obligations. *See* ORS 317.056, 317.070, *former* 317.155 (*repealed by* Or Laws 1983, ch 162, § 57).[1] Pacific filed amended Oregon Corporation Income Tax Returns, claiming that, pursuant to an exemption in the Federal Public Debt Statute, 31 USC § 742 (1959), it was entitled to refunds of Excise Tax computed on interest earned from federal obligations during 1979 and 1980. The Oregon Department of Revenue denied Pacific's claims.

Pacific filed a complaint with the Oregon Tax Court, seeking to set aside the Department's Opinion and Order. The Tax Court entered a judgment granting the Department's cross-motion for summary judgment, denying Pacific's

---

[1] The statutes at issue are ORS 317.056 and 317.070 (1979 Replacement Part). ORS 317.056 (1979) provided:

"Except as otherwise required by federal law, every financial corporation located within this state shall be subject to county, city, district, political subdivision and all other local taxes imposed generally on a nondiscriminatory basis throughout the jurisdiction of the taxing authority, at the same rates and in all respects in the same manner and to the same extent as are mercantile, manufacturing and business corporations, and shall pay annually to the state an excise tax according to or measured by its net income, to be computed in the manner provided by this chapter at the rates provided in ORS 317.061."

ORS 317.070(1) (1979) provided:

"Every centrally assessed corporation, the property of which is assessed by the Department of Revenue under ORS 308.505 to 308.730, and every mercantile, manufacturing and business corporation doing or authorized to do business within this state, except as provided in ORS 317.080 to 317.090, shall annually pay to this state, *for the privilege of carrying on or doing business by it within this state,* an excise tax according to or measured by its net income, to be computed in the manner provided by this chapter, at the rates provided in ORS 317.061." (Emphasis added.)

motion for summary judgment, and affirming the Department's Opinion and Order.

The central issue is whether the Excise Tax is a "franchise" tax under the terms of 31 USC § 742,[2] which provided:

> "Except as otherwise provided by law, all stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or municipal or local authority. This exemption extends to every form of taxation that would require that either the obligations or the interest thereon, or both, be considered, directly or indirectly, in the computation of the tax, *except nondiscriminatory franchise* or other nonproperty taxes in lieu thereof *imposed on corporations* and except estate taxes or inheritance taxes." (Emphasis added.)

Pacific contends that the Excise Tax is not a franchise tax and, therefore, that 31 USC § 742 (1959) prohibits imposing the Excise Tax on interest from federal obligations. The Department contends that the Excise Tax is a type of franchise tax. Specifically, the Department asserts that the Excise Tax is a franchise tax because, even though the Excise Tax is measured by income, it is imposed on the corporation for the privilege of doing business in Oregon.

 The Federal Public Debt Statute is intended to invalidate all taxes measured directly or indirectly by the value of federal obligations or any interest thereon, except those exceptions specified in the statute. *American Bank & Trust Co. v. Dallas County,* 463 US 855, 862, 103 S Ct 3369, 77 L Ed 2d 1072 (1983). There are no implied exceptions to the exemption; only a franchise tax or other non-property tax in lieu thereof can be excepted from the exemption. *Id.* at 863.

By definition,

> "[a] franchise tax is * * * a form of taxation not laid directly upon persons or property. Franchise taxes are of two types, organization taxes, *i.e.,* fees imposed upon the grant of corporate powers, and excises levied periodically, usually annually, upon the franchise or privilege of corporations to do business in the State." *Werner Machine Co. v. Director of Division of*

---

[2] Now codified as amended at 31 USC § 3124(a) (1982).

*Taxation,* 17 NJ 121, 125-26, 110 A2d 89, 91 (1954), *aff'd* 350 US 492, 76 S Ct 534, 100 L Ed 634 (1956) (citations omitted).

By statutory definition in Oregon, the Excise Tax is a tax which is assessed annually on corporations "for the privilege of carrying on or doing business in this state." ORS 317.010(9) (1979 Replacement Part).[3] Accordingly, the Excise Tax is, by definition, a franchise tax.

Additionally, Oregon caselaw clearly supports that characterization. Oregon courts have consistently concluded that the Excise Tax was a privilege tax. *Hines Lumber Co. v. Galloway,* 175 Or 524, 533-34, 154 P2d 539 (1944), held that the Excise Tax was a privilege tax "[s]ince the tax is exacted for the privilege of earning a net income in this state." This definition was reaffirmed in *John I. Haas, Inc. v. Tax Com.,* 227 Or 170, 192, 361 P2d 820 (1961), which determined that the Excise Tax was for the privilege of doing business in the state and was measured by the income earned from within the state. Finally, *Welch Holding Co. v. Galloway,* 161 Or 515, 527, 89 P2d 559 (1939), defined doing business as "engaging in activities in the pursuit of gain." Thus, it is abundantly clear that the Excise Tax is a franchise tax that taxes corporations for the privilege of pursuing business activities in the pursuit of gain within the state.[4]

---

[3] ORS 317.010(9) (1979) (renumbered ORS 317.010(5)) provided:

" 'Excise tax' means a tax measured by or according to net income imposed upon national banking associations, all other banks, and financial, centrally assessed, mercantile, manufacturing and business corporations for the privilege of carrying on or doing business in this state."

[4] It is worth noting that the United States Supreme Court has consistently upheld the definition of franchise taxes as taxes imposed for the privilege of doing business. *Flint v. Stone Tracy Co.,* 220 US 107, 31 S Ct 342, 55 L Ed 389 (1910), held that an excise tax was a tax on corporate privileges because it was imposed on the privilege of doing business in a corporate capacity. *Educational Films Corp. v. Ward,* 282 US 379, 388, 51 S Ct 170, 75 L Ed 400 (1931), held that a franchise tax was a tax for the privilege of doing business in a particular year. In *Werner Machine Co. v. Director of Division of Taxation,* 17 NJ 121, 110 A2d 89 (1954), *aff'd* 350 US 492, 76 S Ct 534, 100 L Ed 634 (1956), the Supreme Court accepted the New Jersey court's definition of a franchise tax as a tax imposed for the privilege of doing business. Additionally, the Supreme Court has dismissed cases "for want of a substantial federal question" where state courts have concluded that a franchise tax by definition is a tax imposed for the privilege of doing business. *See Garfield Trust Co. v. Director, Div. of Taxation,* 102 NJ 420, 508 A2d 1104, *appeal dismissed* 479 US 925 (1986); *Savings League v. Revenue Dept.,* 141 Wis 2d 918, 416 NW2d 650 (1987), *appeal dismissed* ____ US ____, 109 S Ct 37, 102 L Ed 2d 16 (1988); *Dept. of Revenue v. First Union Nat. Bk.,* 513 So2d 114 (Fla 1987), *appeal dismissed* 485 US 949, 108 S Ct 1253, 99 L Ed 2d 408 (1988).

 Pacific contends that the Excise Tax acts as an income tax and that *Cal-Roof Wholesale v. Tax Com.,* 242 Or 435, 410 P2d 233 (1966), determined that the Excise Tax was an income tax. Pacific incorrectly maintains that *Cal-Roof* construed the Excise Tax and the Corporation Income Tax (ORS 318.010 to 318.170) as two interrelated taxes that are actually one income tax. Because both taxes are within the overall corporate tax structure, they should be construed together. These taxes, however, differ. Unlike the Corporation Income Tax, the Excise Tax is a tax on corporations that do business within the state and is a tax *measured by* net income as statutorily defined.

The legislature enacted Oregon's Corporation Income Tax in response to the United States Supreme Court's decision in *Spector Motor Service v. O'Connor,* 340 US 602, 71 S Ct 508, 95 L Ed 573 (1951),[5] which held that an excise or privilege tax measured by income was invalid if the corporation was not engaged in intra-state commerce. Oregon's Corporation Income Tax thus complements the Excise Tax. Because the enactment of the Corporation Income Tax left the Excise Tax unchanged, the legislature indicated that the Excise Tax was to remain a franchise tax. The enactment of the Corporation Income Tax undercuts the claim that the Excise Tax is an income tax. If it were an income tax, *Spector* would not have created the need to enact an income tax.[6]

Additionally, this court has determined that the Excise Tax is not an income tax. *John I. Haas, Inc. v. Tax Com., supra,* 227 Or at 192, held that the Excise Tax "is not a tax on net income, but rather is a tax on the privilege of doing business."

---

[5] *Overruled by Complete Auto Transit, Inc. v. Brady,* 430 US 274, 288, 97 S Ct 1076, 51 L Ed 2d 326 (1977).

[6] The United States Supreme Court has consistently upheld franchise taxes measured on income and based in part on income from federal obligations. *See Werner Machine Co. v. Director of Division of Taxation, supra* note 4; *Garfield Trust Co. v. Director, Div. of Taxation, supra* note 4; *American Bank & Trust Co. v. Dallas County,* 463 US 855, 862, 103 S Ct 3369, 77 L Ed 2d 1072 (1983). In *American Bank,* the Court noted that taxes which directly or indirectly tax the federal obligations are indistinguishable in their practical impact, but since 31 USC § 3124(a)(1) (former 31 USC § 742 (1959)) granted express exceptions to franchise taxes, "Congress must have believed that franchise and estate and inheritance taxes required federal obligations to 'be considered, directly or indirectly, in the computation of the tax.'" 463 US at 864.

**6.** The assessment of a minimum tax also indicates that the Excise Tax is a non-income tax. ORS 317.090 provides:

> "Each taxpayer named in ORS 317.056 or 317.070 shall pay annually to the state, for the privilege of carrying on or doing business by it within this state, *a minimum tax of $10.* The minimum tax shall not be apportionable (except in the case of a change of accounting periods), but shall be payable in full for any part of the year during which a corporation is subject to tax." (Emphasis added.)

The minimum tax is not based on income. A corporation that carries on business within Oregon must pay a minimum Excise Tax even though it does not generate a net income.

In sum, we hold that for the foregoing reasons the Oregon Excise Tax is a franchise tax, not an income tax, and is an exception to the 31 USC § 742 exemption.

The remaining issue is whether 31 USC § 742 permits only one franchise tax. Pacific contends that if the Excise Tax is a franchise tax, it violates 31 USC § 742 because the statute allows only one franchise tax and the Oregon corporation license fee (since repealed)[7] is the franchise tax exception. The Department contends that neither the federal prohibition, nor its franchise tax exception, applies to the license fee because federal obligations are not considered in computing the fee.

---

[7] *Former* ORS 57.767(1) (1979 Replacement Part) (*repealed by* Or Laws 1987, ch 52, § 181) provided:

"Every domestic corporation shall pay an annual license fee in proportion to the amount of its authorized capital stock. This fee shall be equal to the filing fee prescribed in this chapter. The amount of the authorized capital stock of every corporation shall be determined by its articles of incorporation, or amendments or supplementary articles of incorporation filed with the Corporation Commissioner. The annual license fee required by this section shall be paid in advance before the 16th day of the second calendar month following each anniversary of the corporation, except as provided by subsection (1) of ORS 57.761 If the corporation shall file articles of dissolution before the 16th day of the second calendar month following an anniversary, then the annual license fee for that year shall not be required."

*Former* ORS 57.769 (1979) (*repealed by* Or Laws 1987, ch 52, § 181) provided in relevant part:

"Every foreign corporation, joint stock company or association doing business in this state, pursuant to this chapter, shall pay in advance to the Corporation Commissioner an annual license fee of $200 when its certificate of authority is issued under ORS 57.680, and thereafter before the 16th day of the second calendar month following each anniversary."

The above fee provisions are now contained in ORS 60.007.

■ The Department is right. Both the license fee and the Excise Tax are franchise taxes. The license fee, however, was not measured by interest on federal obligations. *Former* ORS 57.767 and 57.769. It was based upon the amount of capital stock authorized in a corporation's articles of incorporation. Because the Excise Tax is the only Oregon franchise tax measured by interest on federal obligations, we need not address whether 31 USC § 742 (1959) permits more than one franchise tax.

The decision of the Tax Court is affirmed.