Submitted on the record January 12, ballot title referred to Attorney General for modification March 9, ballot title certified March 24, 2006 (340 Or 309)

Linda BURGIN
and Christina Coughlin,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S52993)

Harvey MATHEWS,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S52996)
(Cases Consolidated)

131 P3d 717

Margaret S. Olney, Portland, filed the petition for petitioners Linda Burgin and Christina Coughlin. James M. Brown, Salem, filed the petition for petitioner Harvey Mathews.

Anna M. Joyce, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

CARSON, J.

**CARSON, J.**

This ballot title review proceeding, brought under ORS 250.085(2), concerns the Attorney General's certified ballot title for a proposed initiative measure that the Secretary of State has denominated as Initiative Petition 83 (2006). The proposed measure, if adopted, would require Oregon corporations to include in their calculation of Oregon taxable income certain income that can be excluded when calculating federal taxable income and would disallow certain deductions that are permitted when calculating federal taxable income. Petitioners are electors who timely submitted written comments to the Secretary of State concerning the Attorney General's draft ballot title and who are entitled, therefore, to seek review of the resulting certified ballot title in this court. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2). ORS 250.085(5). For the reasons that follow, we conclude that it does not, and we refer the ballot title to the Attorney General for modification.

The proposed measure is set out in its entirety in the Appendix, and we briefly describe its substantive provisions here. The proposed measure would require a corporation to include in its calculation of Oregon taxable income certain income that federal law authorizes to be excluded when calculating federal taxable income. Current Oregon corporate taxation mirrors federal corporate income taxation, because the legislature has chosen to adopt by reference "[t]hose portions of the Internal Revenue Code, and any other laws of the United States pertaining to the determination of taxable income of corporate taxpayers[.]" ORS 317.013(1). In doing so, the legislature intended "[t]o make the Oregon corporate excise tax law, insofar as it relates to the measurement of taxable income, identical to the provisions of the federal Internal Revenue Code * * * to the end that taxable income of a corporation for Oregon purposes is the same as it is for federal income tax purposes, * * * subject to the additions, subtractions, adjustments and modifications contained in * * * [ORS] chapter [317]." ORS 317.018(1). The proposed measure would add further modifications to those already listed in

chapter 317, such that certain deductions or exclusions allowed in the Internal Revenue Code could not be permitted when calculating Oregon corporate taxable income.

The Attorney General certified the following ballot title:

"STATE INCOME CALCULATION MUST INCLUDE CERTAIN INCOME THAT WAS EXCLUDED AND DEDUCTED UNDER FEDERAL LAW

"RESULT OF 'YES' VOTE: 'Yes' vote increases Oregon taxable income by adding back amount of certain deductions or exclusions from federal gross income allowed under the Internal Revenue Code.

"RESULT OF 'NO' VOTE: 'No' vote rejects increasing Oregon taxable income by adding back amounts of certain deductions or exclusions from federal gross income under the Internal Revenue Code.

"SUMMARY: Under current law, Oregon taxable income for individuals and corporations is the federal taxable income, subject to additions, subtractions, and adjustments as provided in Oregon law. Measure increases Oregon taxable income by adding back the amount of certain deductions from federal gross income allowed under the Internal Revenue Code, including amounts deducted from foreign based company income and from income sourced within and without the United States. Measure requires adding back the amount earned as foreign company income subject to high foreign tax, earned as certain financing and banking income as defined in the Internal Revenue Code section 954, and earned on income sourced within and without the United States. Measure is effective for tax years beginning on or after January 1, 2007. Other provisions."

Petitioners challenge each part of the certified ballot title.

Petitioner Mathews argues that the Attorney General erred by drafting a caption that "is dependent on [an] inference[,]" by using confusing words and phrases in the result statements, and by failing to list all the deductions that the proposed measure would eliminate in the summary. We have considered those arguments, but do not deem them to require discussion. None is well taken.

■ Petitioners Burgin and Coughlin argue primarily that the Attorney General erred by failing to specify in the caption that the proposed measure concerned taxes and that the Attorney General erred by stating that the proposed measure would affect the calculation of some individuals' taxable incomes. For the reasons that follow, we agree.

■ ORS 250.035(2)(a) requires that the caption of a ballot title contain a statement of not more than 15 words "that reasonably identifies the subject matter of the state measure." The caption is the "cornerstone for the other portions of the ballot title" and must identify the subject matter of the proposed measure in terms that will not "confuse or mislead potential petition signers and voters." *Mabon v. Myers*, 332 Or 633, 637, 33 P3d 988 (2001). Additionally, the caption must not "understate or overstate the scope of the legal changes that the proposed measure would enact." *Kain / Waller v. Myers*, 337 Or 36, 40, 93 P3d 62 (2004).

> "To determine the subject matter of a proposed measure, we first examine its words and the changes, if any, that the proposed measure would enact in the context of existing law. We then examine the words of the caption to determine whether they reasonably identify the proposed measure's subject matter."

*Id.* at 41. If a proposed measure contains more than one subject, "the caption must identify each subject or, alternatively, use other terms that more accurately convey the scope of the proposed measure." *Greenberg v. Myers*, 340 Or 65, 69, 127 P3d 1192 (2006).

Petitioners Burgin and Coughlin argue that the caption fails to "reasonably identif[y] the subject matter" of the proposed measure both because the caption makes no mention of taxes at all and, more specifically, because it fails to state that the proposed measure would alter only corporate tax calculations. The Attorney General responds that the proposed measure, in generally referring to five sections of the Internal Revenue Code, was drafted broadly enough that it might affect some individual taxpayers; thus, it would not be accurate to state that the proposed measure alters only corporate tax calculations.

The proposed measure seeks to eliminate certain tax deductions and exclusions; therefore, the general subject of the proposed measure is taxes. Failure to mention the general subject of the proposed measure shows that the caption does not "reasonably identif[y] the subject matter" of the proposed measure as required under ORS 250.035(2)(a).

Furthermore, the proposed measure would amend only ORS chapter 317, which is known as "the Corporation Excise Tax Law of 1929." ORS 317.005. This court previously has stated that "it is abundantly clear that the Excise Tax [imposed by chapter 317] is a franchise tax that taxes *corporations* for the privilege of pursuing business activities in the pursuit of gain within the state." *Pacific First Federal v. Dept. of Rev.*, 308 Or 332, 336, 779 P2d 1033 (1989) (emphasis added). Therefore, the proposed measure will not, as the Attorney General asserts, affect personal income taxpayers. Failure to specify that the proposed measure will alter only corporate tax calculations thus overstates the scope of the legal changes that the proposed measure would enact and could "confuse or mislead potential petition signers and voters." *Mabon*, 332 Or at 637. In short, the caption does not "reasonably identif[y] the subject matter" of the proposed measure as required under ORS 250.035(2)(a).

ORS 250.035(2)(b) and (c) provide that the "yes" and "no" vote result statements of a ballot title must describe, in "simple and understandable" terms, the "result" if the proposed measure is accepted or rejected. The Attorney General's "yes" and "no" vote result statements, like the Attorney General's caption, fail to specify that the proposed measure would alter only corporate tax calculations and suffer from the same defects that we identified in the caption. Furthermore, as petitioners note, the "no" vote result statement simply attaches the word "rejects" to the same summary of the proposed measure that appears in the "yes" vote result statement. Merely amending the "yes" vote result statement in this case with the word "rejects" to create the "no" result statement does not "advance any voter's understanding of the choice that [the] proposed measure represents." *Nesbitt v. Myers*, 335 Or 424, 432, 71 P3d 530 (2003). Such a practice is acceptable, however, if the Attorney General is "reasonably

satisfied that he cannot compose other possible formulations of the 'no' vote result statement that will provide the voter with a greater amount of information." *Id.* The Attorney General asserts that such is the case here, but we are of the view that something further needs to be said, perhaps focusing on the nature of the present legal regime that a "no" vote would retain, to meet the minimal requirements of ORS 250.035(2)(c). Something should be said about corporations continuing to be liable for taxes in a manner consistent with present federal law.

■■ ORS 250.035(2)(d) requires that a ballot title summary be a "concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." The purpose of the summary is to "help voters understand what will happen if the measure is approved." *Fred Meyer, Inc. v. Roberts*, 308 Or 169, 175, 777 P2d 406 (1989). Petitioners Burgin and Coughlin argue that the Attorney General's summary fails to summarize the proposed measure and its major effects because it does not specify that the proposed measure concerns only corporate taxable income and because "the description of how the measure works is * * * unnecessarily complex[.]" We agree that the Attorney General's summary fails to specify that the proposed measure would alter only corporate tax calculations; it therefore suffers from the same defects that we identified in the caption and in the result statements. However, we do not agree with petitioners argument that the summary is unnecessarily complex. The proposed measure deals with amendments to Oregon tax law, a subject that, by its very nature, is complex. The summary gives several examples of how the proposed measure would operate, if approved; those examples, although somewhat complex, "help voters understand what will happen if the measure is approved." *Fred Meyer, Inc.*, 308 Or at 175.

In conclusion, we hold that the caption, the "yes" and "no" vote result statements, and the summary of the Attorney General's certified ballot title do not substantially comply with the requirements set out in ORS 250.035(2)(a), (b), (c),

and (d). The ballot title must be referred to the Attorney General for modification. *See* ORS 250.085(8) (authorizing that disposition).

Ballot title referred to Attorney General for modification.

APPENDIX

SECTION 1.   Section 2 of this 2006 Act is added to and made a part of ORS chapter 317.

*Ends Tax Break for Inventory Property Sales Source - Rule Exception ($27.0 million)*

SECTION 2.   To derive Oregon taxable income, there shall be added to federal taxable income the amount excluded from federal taxable income for federal tax purposes under sections 861 to 863 and 865 of the federal Internal Revenue Code.

SECTION 3.   Section 2 of this 2006 Act applies to tax years beginning on or after January 1, 2007.

SECTION 4.   Section 5 of this 2006 Act is added to and made a part of ORS chapter 317.

*Ends Tax Break for Deferral of Certain Financing Income of Foreign Corporations ($9.1 million)*

SECTION 5.   To derive Oregon taxable income, there shall be added to federal taxable income the amount excluded from federal taxable income for federal tax purposes under section 954 of the federal Internal Revenue Code.

SECTION 6.   Section 5 of this 2006 Act applies to tax years beginning on or after January 1, 2007.