ALONZO A. MINER *vs.* WILLIAM M. OLIN & others.
SAME *vs.* WILLIAM M. OLIN.

Suffolk.    September 5, 1893. — September 30, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Election Act — Certiorari — Mandamus — Validity and Constitutionality of Provisions relating to Caucuses — Placing of Name of Candidate on Official Ballot.*

Petitions against the Ballot Law Commissioners for a writ of certiorari, and against the Secretary of the Commonwealth for a writ of mandamus, to compel the Secretary to put on the official ballot to be used at the next annual State election the name of the petitioner, as the candidate of a party for the office of Senator, which party did not cast three per cent of the entire vote cast for Governor at the preceding annual election, there not being twenty-five legal voters participating and voting in the caucuses which elected the delegates composing the convention that nominated the petitioner, will not lie.

FIELD, C. J.   These petitions, one against the Ballot Law Commissioners for a writ of certiorari, and the other against the Secretary of the Commonwealth for a writ of mandamus, are brought for the purpose of compelling the Secretary of the Commonwealth to put on the official ballot to be used at the next annual State election the name of the petitioner, as a candidate of the Prohibition party for the office of Senator from the Seventh Suffolk Senatorial District.   The Prohibition party did not cast three per cent of the entire vote cast for Governor at the last annual election, and there were not twenty-five legal voters participating and voting in the caucuses which elected the delegates who composed the convention that nominated the petitioner for the office of Senator.

Under St. 1893, c. 417, in order to nominate by a caucus, or by a convention of delegates chosen by caucuses, a candidate whose name shall be put on the official ballot, the presence of twenty-five qualified voters participating and voting is required only in the caucuses of a party which polled less than three per cent of the entire vote cast for Governor at the preceding annual election.   The other provisions in the statute concerning caucuses require that each caucus shall have a chairman and a sec-

retary; but it is said the presence of no more voters is required, and that two or more voters of any political party polling three per cent or more of the entire vote cast for Governor can hold caucuses which can make nominations, or select delegates to a convention which can make nominations, that must be put on the official ballot. The contention is, that, by § 71 of the statute, a distinction is made between the qualified voters of a political party which at the preceding annual election " polled for Governor at least three per cent of the entire vote cast in the State for that office," and the qualified voters of a political party which polled less than three per cent of such vote, and that the effect of this is to impair the rights of the voters of small political parties and of the candidates of such parties.

If nominations entitled to be put on the official ballot are not made at a caucus or convention, they may be made by nomination papers under § 77 of the statute, but the nomination paper in the case of a State Senator must be signed by qualified voters of the district or division " not less in number than one for every one hundred persons who voted for Governor at the preceding annual State election, in such district or division, but in no case less than fifty." It is argued that, under these provisions, it is practically impossible for a political party which at the last annual election polled less than three per cent of the vote cast for Governor to nominate, in many representative and senatorial districts, any candidate for senator or representative whose name can be put on the official ballot.

Section 130 of the statute provides that " there shall be left at the end of the list of candidates for each different office as many blank spaces as there are persons to be elected to such office, in which the voter may insert the name of any person not printed on the ballot, for whom he desires to vote for such office." If a voter spoil a ballot he may successively obtain two others, but there is no provision for obtaining more. § 166. The voter is permitted to remain in the enclosed space where the marking compartments are not more than ten minutes; and in a compartment not more than five minutes, if all the compartments are in use and other voters are waiting to occupy them. § 167. It is argued that the effect of all these provisions is that voters generally will not take pains to write or insert

names in the blank spaces to any great extent; that they are not allowed time to do it properly when many blanks are to be filled; that, as it is not required in the qualifications of voters that they should be able to write the names of other persons than themselves, the provisions of § 164, for aiding such voters as declare "that by blindness or other physical disability " they are unable to mark their ballot, are not adequate; and that under the statute the rights of all qualified persons to elect officers and to be elected to office are not equal, and the privileges of some are abridged in violation of Art. VI. and Art. IX. of the Declaration of Rights. It is argued on the other hand that the intention of the statute was, and that in practice the effect of it is, to render elections more free than they were before, and that under the statute a reasonable opportunity is afforded every voter to vote for whom he pleases, with the least chance for any improper interference with the expression of his will.

We have not found it necessary to express any opinion upon many of the questions argued. The St. 1893, c. 417, is an attempt to regulate in the most minute way the whole conduct of elections. It provides for an official ballot to be prepared by public officers at public expense, which the voter is required to use, and he is no longer permitted to prepare his own ballot, except by inserting names in the blank spaces of the official ballot. Section 145, indeed, provides that if the ballots to be furnished to any polling place in a city or town shall fail to be delivered, or if after delivery they shall be destroyed or stolen, "it shall be the duty of the clerk of such city or town to cause other ballots to be prepared substantially in the form of the ballots so to be furnished and wanting," and these may be used; but there is no provision in the statute that in any event the voter may use a ballot prepared by himself. The whole scheme involves the use of an official ballot, which is to be the same for all voters in a voting precinct, and on which the choice of the voters is generally to be indicated by a mark. It is plain that such a ballot cannot contain the printed names of everybody who may desire to be, or whom a few persons may desire to be, a candidate for office. If such a ballot is to be used, there must be restrictions with reference to the number of the names of candidates to be printed on it. The petitioner in these cases

does not contend that the provisions of the act requiring an official ballot is unconstitutional. He does not bring these petitions in his capacity as a voter, and complain that his rights as a voter are impaired by the statute. His whole purpose is to compel the Secretary of the Commonwealth to print his name on the official ballot as a candidate of his party for Senator. He desires to avail himself generally of the provisions of the statute; he wishes only that the particular provisions shall be declared void which require the caucuses of a party which did not poll at least three per cent of the vote cast for Governor at the preceding election to be composed of at least twenty-five voters. It is plainly impracticable to permit on an official ballot the names of every candidate for office which caucuses composed of two or more voters may nominate, and the limitations upon the right of nomination by caucus contained in the statute cannot be considered unreasonable, if the provisions of the statute generally are such as the Legislature can constitutionally enact. If the provisions of the statute requiring an official ballot to be prepared and used are unconstitutional, the Secretary of the Commonwealth cannot be compelled to prepare any official ballot, and therefore cannot be compelled to print the petitioner's name on the official ballot; if these provisions are constitutional, the clauses under which the petitioner's name has been excluded are incidental to the main provisions of the statute, and some such restrictions are necessary to carry into effect the main purpose of the statute.

*Petitions dismissed.*

*W. Hamlin*, for the petitioner.

*A. E. Pillsbury*, Attorney General, for the respondents.