JAMES W. COLE *vs.* GEORGE TUCKER & others.

Hampshire.    September 17, 1895. — October 19, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Constitutionality of Election Law — Statute not void as Partial and Unequal.*

The St. of 1893, c. 417, entitled "An Act to codify and consolidate the laws relating to elections," so far as it relates to the use of an official ballot in the election of city officers, is constitutional; and the contention that the use of the official ballot is made compulsory in the election of city officers and optional in the election of town officers, and that therefore the statute is void as partial and unequal in its operation upon the rights of voters, cannot be maintained.

TORT, against the election officers of a ward in the city of Northampton, to recover damages for wrongfully refusing, as the

plaintiff alleges, to allow the ballot offered by him to be deposited in the ballot box at the time of the annual election of city officers on December 4, 1894.

The case was submitted to the Superior Court, and, after judgment for the defendants, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*C. G. Delano,* for the plaintiff.

*A. E. Addis,* for the defendants.

FIELD, C. J. It is necessary in this case to determine the constitutionality of St. 1893, c. 417, so far as it relates to the use of an official ballot in the election of city officers. A question somewhat like this was discussed in *Miner* v. *Olin,* 159 Mass. 487, but the court there expressed no opinion upon it. The defendants in the present case were election officers at an annual election for city officers in the city of Northampton, and refused to allow the ballot offered by the plaintiff to be deposited in the ballot box, and the ballot was not deposited and was not counted in the election. It was a printed ballot, designated in print at the head of it as the Regular Prohibition Ticket. The official ballot provided for use at the election had on it the names of the candidates of the Republican and the Democratic parties for office, but no other names, and the plaintiff wished to vote for the candidates of the Prohibition party. The plaintiff was a duly qualified voter, whose name was upon the check list.

The qualifications of voters for town and city officers are not prescribed by the Constitution, but by statute; yet we do not think it necessary to consider whether, so far as the question in this case is concerned, a distinction can be made between the powers of the General Court to prescribe the manner of casting ballots at elections for city and town officers and at elections for State officers or for State representatives or senators.

Article IX. of the Declaration of Rights of the Constitution is as follows: " All elections ought to be free; and all the inhabitants of this Commonwealth, having such qualifications as they shall establish by their frame of government, have an equal right to elect officers, and to be elected, for public employments." This in terms relates to inhabitants having such qualifications as are established by the frame of government, but

we assume that the same principles apply to elections for city and town officers. In regard to the right of voting for State officers, where the qualifications are prescribed by the Constitution, the court, in *Capen* v. *Foster*, 12 Pick. 485, say : " And this court is of opinion, that in all cases where the Constitution has conferred a political right or privilege, and where the Constitution has not particularly designated the manner in which that right is to be exercised, it is clearly within the just and constitutional limits of the legislative power to adopt any reasonable and uniform regulations, in regard to the time and mode of exercising that right, which are designed to secure and facilitate the exercise of such right, in a prompt, orderly, and convenient manner. Such a construction would afford no warrant for such an exercise of legislative power as, under the pretence and color of regulating, should subvert or injuriously restrain the right itself." See *Kinneen* v. *Wells*, 144 Mass. 497.

The principal question then is, whether St. 1893, c. 417, with respect to the use of an official ballot, is a reasonable regulation of the manner in which the right to vote shall be exercised, or whether it subverts or injuriously restrains the exercise of that right. The provisions of the statute requiring the use of an official ballot do not touch the qualifications of the voters, but they relate to the manner in which the election shall be held. In general, it may be said that the so called Australian Ballot Acts, in the various forms in which they have been enacted in many of the States of this country, have been sustained by the courts, provided the acts permit the voter to vote for such persons as he pleases by leaving blank spaces on the official ballot in which he may write or insert in any other proper manner the names of such persons, and by giving him the means and a reasonable opportunity to write in or insert such names. *State* v. *McMillan*, 108 Mo. 153. *Bowers* v. *Smith*, 111 Mo. 45. *Detroit* v. *Rush*, 82 Mich. 532. *Attorney General* v. *May*, 99 Mich. 538. *De Walt* v. *Bartley*, 146 Penn. St. 529. *State* v. *Black*, 25 Vroom, 446. *State* v. *Dillon*, 32 Fla. 545. *Taylor* v. *Bleakley*, 39 Pac. Rep. 1045. *Slaymaker* v. *Phillips*, 40 Pac. Rep. 971. *People* v. *Wappingers Falls*, 144 N. Y. 616. *Sego* v. *Stoddard*, 136 Ind. 297. *Curran* v. *Clayton*, 86 Maine, 42. *Whittam* v. *Zahorik*, 59 N. W. Rep. 57.

Without reciting in detail the provisions of St. 1893, c. 417, the material portions of which relevant to the present case are referred to in the opinion in *Miner* v. *Olin, ubi supra,* we are of opinion that, for the reasons given in the cases cited above, the provisions of the statute requiring the use of an official ballot cannot be declared unconstitutional. These provisions, as well as the provisions which are incidental to the use of an official ballot, and which regulate the manner in which it shall be prepared and used, are such as may properly be deemed necessary by the Legislature in order to secure to the voters a full and fair election and an accurate and honest count of the ' ballots, and they do not impair the rights of the voters to such an extent as to warrant a court in holding them to be void on the ground that they are beyond the constitutional power of the General Court.

The remaining contention of the plaintiff is, that the use of the official ballot is made compulsory in the election of city officers and optional in the election of town officers, and that therefore the statute is void as partial and unequal in its operation upon the rights of voters. See St. 1893, c. 417, §§ 129, 143, 173. There is nothing in the Constitution which requires that the laws regulating elections for city and town officers shall be uniform throughout the Commonwealth, and in some respects the laws regulating elections in cities for city officers have always been different from those regulating elections in towns for town officers. See Pub. Sts. c. 7. As the provisions of the statute we are considering do not affect the qualifications of the voters, but merely regulate the form of voting by ballot, it may well be that in small towns it is not always desirable or necessary that all the precautions be taken against mistake, force, fraud, or intimidation in elections which ought to be taken in cities and large towns where there are many voters. There are many provisions of the statutes concerning elections which require cities to do certain things which towns are not required to do, and some provisions concerning cities and towns are made to take effect only upon a vote of the city council or of the inhabitants adopting the provisions. One or two illustrations are sufficient. By Article II. of the Amendments to the Constitution the General Court is empowered to constitute city governments,

and "to prescribe the manner of calling and holding public meetings of the inhabitants in wards or otherwise, for the election of officers under the Constitution, and the manner of returning the votes given at such meetings." Chapter 4 of the Revised Statutes contains the general provisions in force at the time these statutes took effect concerning the manner of conducting elections, but § 12 of the chapter is as follows: "In the city of Boston, the several elections provided for in this chapter shall be conducted according to the provisions of the act establishing the city of Boston, and of the several acts in addition thereto." Chapter 15, § 34, is as follows: "The election of town clerks, selectmen, assessors, school committees, and town treasurer, and also of the moderator of the meetings held for the choice of town officers, shall be by written ballots; and the election of all other town officers shall be in such mode as the meeting shall determine." See Pub. Sts. c. 27, § 80. In matters which concern the form of holding elections for city and town officers, in the absence of anything in the Constitution prescribing the manner in which such elections shall be held, we are of opinion that the provisions need not be the same for all the cities and towns of the Commonwealth.

*Judgment for the defendants.*