JOHN W. WESCOTT, ATTORNEY-GENERAL, RELATOR, v.
MARTIN V. B. SCULL ET AL., RESPONDENTS.

JOHN W. WESCOTT, ATTORNEY-GENERAL, RELATOR, v.
LEWIS B. MATHIAS ET AL., RESPONDENTS.

Argued June 3, 1915—Decided June 14, 1915.

1. The office of member of the board of chosen freeholders, where such member is elected in a city, the common council of which have power to fill vacancies in such board, and that of a member of the common council of such city are incompatible offices, and where a member of such council is elected a chosen freeholder of the county in which the city is located, and he accepts the office, such action creates a vacancy in the common council.

2. The election by a common council of a person as a member of that body is transacting business within the meaning of a statute which forbids less than a quorum to transact business.

3. Where the statute fixes the number of the common council at seven the attendance of more than three members is required to constitute a quorum, and three members cannot legally fill vacancies in the council.

4. Where a vacancy in such board exists, which the electors have a right to fill, and a majority of the voters cast ballots in favor of their choice, such election is not void because no one was nominated at the primaries as candidates for the office, for it is the constitutional right of every citizen of the United States to vote for all elective officers, and they cannot be deprived of this right because through neglect or ignorance candidates are not named in a prescribed manner.

On information in the nature of a *quo warranto*.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the relators in the first cause, and for the respondents in the second, *Charles C. Babcock* and *Charles L. Cole*.

For the relators in the second cause, and for the respondents in the first, *Albert C. Abbott* and *Bourgeois & Coulomb*.

The opinion of the court was delivered by

BERGEN, J. The two causes, under the respective titles above set out, were argued together and as in each the question of the right of certain persons to exercise the office of member of the common council of the city of Somers Point is challenged, the reasons for the determination of both causes can be conveniently and sufficiently expressed in one opinion.

There are two bodies claiming to be the legally constituted common council of the city of Somers Point, the number of which is fixed by law at seven. In the first cause, the persons acting together and claiming to be the legal council, are Martin V. B. Scull, James Cousart, Charles E. Steelman, Wilfred Bunting, Jacob Barrett and Frederick Gemmi, and the state, on the relation of the attorney-general, filed its information in the nature of a *quo warranto* against all these persons to answer by what warrant they claim to hold their respective offices. To this the respondents filed a plea setting up that on the 1st day of September, 1914, the common council of said city was composed of Lewis B. Mathias, whose term expired on the 1st day of January, 1915; John W. Woodburn, whose term expired on the 1st day of January, 1916; Asa Alonzo Atkinson, whose term expired on the 1st day of January, 1915; Thomas Birch, whose term expired on the 1st day of January, 1917; John H. Pratt, whose term expired on January 1st, 1917; Allen Tallman, whose term expired on January 1st, 1916, and Martin V. B. Scull, whose term expired January 1st, 1915; that the said John W. Woodburn presented his resignation to the mayor of the city of Somers Point, who reported the same to the common council, and that it acted on said resignation at said meeting; that subsequently, and at meetings held on the first and third Saturdays in October following, the same being regular meetings of the council, it did not recognize him as a member of the council and did not have his name called as a member of said body; that said resignation was accepted by the mayor of the city to whom the same was presented, and the acceptance reported to the common council at their meeting on September 5th, 1914. and that thereafter the said John

W. Woodburn did not act as a member of said common council.

The plea also avers that the common council accepted said resignation at a meeting held on November 7th, 1914, after the general election in 1914, and charges that the common council in deferring action on said resignation did not act in good faith, but for the purpose of having it appear that there was no vacancy in said common council until after the general election in November, 1914, in order to prevent the voters from voting for a councilman to fill such vacancy; that there was a vacancy on the 5th of November, 1914, caused by the resignation of the said Woodburn, and that the executive committee of the Republican party of the city selected as a candidate for the office of councilman to succeed Woodburn, Charles E. Steelman, and that at the general election in November, 1914, the said Charles E. Steelman received the highest number of votes and was duly elected to the position of councilman of the city of Somers Point, in the place of Woodburn.

The plea further sets out that the said John H. Pratt, on the 19th day of December, 1914, notified the common council that he had removed from the city of Somers Point, and that prior to that time he had sent his resignation to the mayor of the city who did not report the same to the common council, but that a copy of said resignation was delivered to the council by Lewis B. Mathias, and that the same was accepted; that the said Mathias then resigned, his term of office not having expired, and thereupon the common council elected the said Mathias to fill the unexpired term of Pratt.

The plea further charges that at the general election held in 1914, Martin V. B. Scull was re-elected as a member of the common council; that James B. Cousart was at the same election elected councilman at large to succeed Lewis B. Mathias, whose term, except for his resignation, would have expired January 1st, 1915; that at the general election held in November, 1914, there were two candidates voted for to succeed Asa Alonzo Atkinson, whose term expired January 1st, 1915, and that said election resulted in a tie vote between

these two candidates so that neither was elected; that at the said election Allen Tallman, whose term would not have expired until January 1st, 1916, was elected one of the chosen freeholders of the county of Atlantic, from the first ward of the city of Somers Point, and duly qualified on the 1st day of January, 1915, and became and is acting as a member of the board of chosen freeholders of said county, which the plea claims is an office incompatible with that of the office of member of the common council of the city, and that the said Tallman by accepting the office of chosen freeholder ceased to be a member of the common council, and his office therein became vacant; that on January 1st, 1915, an organization meeting of the common council was held at which there were present Martin V. B. Scull, James B. Cousart and Charles E. Steelman; that Thomas Birch, whose term expired January 1st, 1917, was not present; that the three persons present at that meeting elected Wilfred Bunting a member of the common council to fill the vacancy resulting from the tie vote between Jesse P. Atkinson and Asa Alonzo Atkinson; that Jacob Barrett was elected to fill the vacancy caused by the removal of John H. Pratt from the city, and that Frederick W. Gemmi was elected to the vacancy caused by the election of Allen Tallman as a member of the board of chosen freeholders of the county of Atlantic. To this plea the relator interposed a demurrer, save as to Scull and Cousart, it being admitted that they were legal members of the common council, the grounds of the demurrer being (*a*) that the charter of the city requires four members to constitute a quorum to transact business; (*b*) the election of Steelman was illegal; (*c*) that there was no lawful power in Scull, Cousart and Steelman to appoint any member of the common council. The relators having admitted that Scull and Cousart were legal members of the common council, and assuming that Steelman was properly elected, there were but three members present when they, claiming to be the common council, undertook to elect or appoint Bunting, Barrett and Gemmi. The act under which the city of Somers Point is incorporated provides, that "a majority of the whole num-

ber of members of a common council shall constitute a quorum for the transaction of business, but a smaller number may adjourn from time to time." This court at the February Term, 1915, in the case of State, *ex rel.* Oscar Doughty, *v.* James E. Scull, held, that the filling of vacancies in the common council is transacting business, and that less than a majority does not constitute a quorum for such purpose, and that three members could not fill vacancies in the common council. This result is controlling in this case, and therefore the demurrer must be sustained as to Wilfred Bunting, Jacob Barrett and Frederick Gemmi, and the relator have judgment of ouster against them.

As to Charles E. Steelman the relator claims that he was not elected, although voted for by a plurality of the electors voting at the November election, 1914, because there was no vacancy to be filled by the voters. The statute applicable to the class of cities of which Somers Point is one provides that "all resignations shall be sent to the mayor and he shall report the same to the common council at its next meeting." In the present case, John W. Woodburn sent his resignation to the mayor who reported the same to the common council at its next meeting thereafter. It does not appear by the plea that there was any formal act of acceptance of Woodburn's resignation by the common council, but it does aver that thereafter the council did not recognize him as one of the common council; and did not call his name as a member of the body, nor did he thereafter act as a member thereof. The statute does not require, in express terms, that the common council shall accept the resignation of one of its members. All it requires is, that the resignation be sent to the mayor who shall report it to the common council, and while in the absence of any statute, the right of accepting the resignation of an officer ordinarily passes as incidental to the power of appointment to the person or body having that power, or to the body of which he is a member, it may be debatable whether, when, as in this case, the statute provides that the resignation shall be sent to the mayor and by him *reported* to the common council, and the common council

having received the report of the mayor without dissent, the statute did not intend that such resignation should become effective upon the receipt of the report from the mayor. But it is not necessary to decide this question in order to dispose of the present controversy, for it is well settled that a resignation may be accepted by implication, as where the body to which the resignation is presented appoints a successor, or thereafter treats him as no longer a member, without expressly accepting the resignation. *People* v. *Carrique,* 2 *Hill* 93, and cases there cited. We think that in this case, where the resignation was sent to the officer designated by the statute, to whom it may be sent, and by him reported to the common council as required by law, and the council in its subsequent proceedings abandoned the calling of the name of the member who had done all he could, or is required to do to resign, and no longer treated him as a member of their body, they, by implication, accepted his resignation, if under this statute they are required to take any action beyond receiving the report of the mayor, and we are of opinion that a vacancy existed in the common council, caused by the resignation of John W. Woodburn, on September 5th, 1914.

The relator, however, urges that even if a vacancy existed, it occurred a sufficient time prior to the date on which the primary elections were held in September of that year to have nominated a candidate at the primary election, and that therefore it was illegal to print the name of Mr. Steelman on the ballots at the request of the Republican executive committee, as was done in this case, and that a nomination should have been made in the manner required by the primary law. On the other hand, the respondents insist that no such period remained between the date of the resignation and the holding of the primary election, in which case it was competent for the committee to make the nomination and have the name printed on the official ballot. We do not consider it necessary to pass upon this question, because whether a nomination was made or not, the electors had a right to vote for a member of the common council to fill the vacancy, and it is of no consequence whether the name was printed on the ballot

and adopted by them, or whether they wrote the name of the candidate thereon, as they would clearly have a right to do, otherwise they would be deprived of the constitutional right of every citizen of the United States to vote for all elective officers as provided in article 2, paragraph 1, of the constitution of this state, and a majority having voted for Mr. Steelman to fill an existing vacancy, he was properly elected to the office from which this information seeks to oust him, and therefore, as to him, the demurrer must be overruled.

In the second case, the state, on the information of the attorney-general, filed its information in the nature of a *quo warranto* against Lewis B. Mathias, Thomas Birch, Jesse P. Atkinson, Asa Alonzo Atkinson and Allen Tallman, requiring them to show by what warrant they are executing the office of members of the common council of the city of Somers Point. To this information the respondents filed a plea, and the relator demurs. It is admitted that Thomas Birch was a lawful member of the common council and as to him the demurrer will be overruled.

As to Lewis B. Mathias, the information avers, and his answer does not deny, that he was a member of the common council, his term expiring January 1st, 1915; that on the 19th day of December, 1914, he resigned as a member of the common council, which at once elected or appointed him to fill a vacancy caused by the resignation of John Pratt whose term did not expire until the 1st day of January, 1916, and that the effect of this proceeding was to continue Mathias in office until the 1st day of January, 1916. It is only necessary to consider one question in relation to the election of Mathias. When he was elected he was a member of the common council, except as his membership was affected by his resignation, his term not expiring until the 1st day of January following. It is provided by a statute entitled "An act relating to elections and appointments to office hereafter to be made by any board of aldermen, common council, township committee or other municipal board or body" (*Comp. Stat., p.* 3478), that no member of any board of aldermen, or common council, "during the term for which he shall

have been elected said member, shall be eligible for election or appointment to any office that is now or hereafter may be by law required to be filled by any such board, council, committee or body of which he is a member." This act was under consideration in *Doyle* v. *Bayonne,* 54 *N. J. L.* 313, and Mr. Justice Reed, speaking for this court, said: "The mischief which the act was designed to remedy was a temptation which had seduced members of municipal political corporations to use their influence and vote as members of such bodies to advance their personal interest." This citation is particularly applicable to the case under consideration, where a member of the common council resigned for the apparent purpose of having his term extended by the votes of his fellow members. In addition to this, this court held in the case of *State, ex rel. Doughty,* v. *Scull, supra,* that the statute referred to applied to the case of Mathias and that his appointment was absolutely void. Therefore the demurrer as to Mathias will be sustained and the relator awarded judgment of ouster against him.

The information further avers, and the plea does not deny it, that Allen Tallman, who is undertaking to exercise the office of member of the common council, was a lawful member whose term would not expire until January 1st, 1916, but that he was, at the general election held in November, 1914, elected a member of the board of chosen freeholders of the county of Atlantic, from the first ward of the city of Somers Point, and thereafter accepted said office and is now acting as a member of said board of chosen freeholders, which it is claimed is an office incompatible with that of a member of the city council of the city of Somers Point, and that upon accepting the office of chosen freeholder, his office as a member of the city council became vacant.

Section 64 of the act entitled "An act to incorporate the chosen freeholders in the respective counties of the state" (*Comp. Stat., p.* 490) provides, that whenever any vacancy occurs in the board of chosen freeholders of any county by reason of death, resignation, removal or other disqualification of any member, it shall be lawful for the governing body

of such municipality to fill such vacancy until the next general election, so that if a vacancy in the board of chosen freeholders should occur in any other ward of the city, Mr. Tallman would, as a member of the common council, participate in the election to fill a vacancy in a board of which he is also a member. We think that a chosen freeholder elected in a city, the common council of which has the power to appoint, under certain circumstances, members of the board of chosen freeholders, and who has accepted the office, holds an office incompatible with that of a member of the common council of that city, and that therefore when Mr. Tallman accepted the office of chosen freeholder on the 1st day of January, 1915, he ceased to be a member of the common council of the city of Somers Point, and that as to him, the demurrer should be sustained and the relator have judgment of ouster.

As to Jesse P. Atkinson, who was elected by the respondents in the second cause to fill a vacancy which they deemed existed, because of the alleged illegality in the election of Mr. Steelman to succeed John W. Woodburn, we have held that the election of Mr. Steelman was legal, and therefore there was no office to which Jesse P. Atkinson could be elected, and as to him, the demurrer is sustained and the relators are entitled to a judgment of ouster.

Asa Alonzo Atkinson, another of the respondents, was elected by the relators Birch, Mathias, Tallman and Jesse P. Atkinson, to fill a vacancy caused by the failure of the election of any candidate because of a tie vote. The plea shows that the four men last named, which it alleges was a majority of the whole, elected Asa Alonzo Atkinson to fill such vacancy, but as neither Mathias, Tallman or Jesse P. Atkinson were legal members of the board, it is quite clear that Birch, who was the only lawful member, did not constitute a quorum for the transaction of business, and therefore the relators are entitled to have the demurrer sustained and a judgment of ouster against him. This disposes of all the questions raised in both cases, the result being that the only lawful members of the common council of the city of Somers

Point are Thomas Birch, Martin V. B. Scull, James Cousart and Charles E. Steelman. Judgment may be entered in each of the cases in accordance with the views above expressed, but without costs as the relators in each case have prevailed in part.