Richard S. GEBELEIN, Attorney General, ex rel. STATE of Delaware, K. Ross Wellwood, Plaintiffs,

v.

George NASHOLD, Mayor, Town of Frederica, Town Council of Frederica, and Town of Frederica, Defendants.

Court of Chancery of Delaware, New Castle County.

Submitted July 10, 1979.

Decided Sept. 7, 1979.

Gary A. Bryde, Dept. of Justice, Wilmington, for plaintiff Gebelein.

K. Ross Wellwood, plaintiff pro se.

Nicholas H. Rodriguez, Schmittinger & Rodriguez, P. A., Dover, for defendants.

HARTNETT, Vice Chancellor.

This action was brought to enjoin the annual election of the Town of Frederica. The plaintiffs are Richard S. Gebelein, the Attorney General of the State of Delaware, (Gebelein) and K. Ross Wellwood (Wellwood), a resident of the Town of Frederica. Wellwood seeks to have his name placed on the ballot as a candidate for election to the Frederica Town Council at the annual municipal election. Wellwood, however, does not own any real estate situated in the Town of Frederica and therefore is not a freeholder, (owner of real property), in that town. Because the Town charter prohibits a person who is not a freeholder from serving on the Town Council, Wellwood was refused a place on the ballot as a candidate for the 1979 annual municipal election. 47 Del.L., c. 32 § 4. Plaintiffs seek to enjoin the election and to have the provisions of the charter of the Town of Frederica requiring council members to be freeholders declared unconstitutional. Plaintiffs also allege that the Town will not permit write-in ballots at the election and the defendants concede that they do not intend to provide for write-in ballots. Plaintiffs therefore seek to require the Town to permit write-in ballots, presumably in favor of Wellwood.

Immediately prior to the Town election, I granted a Temporary Restraining Order prohibiting the Town from conducting an election until the Court could consider in depth the issues raised. For the reasons set forth herein I find the provisions of the charter of the Town of Frederica requiring that the members of the Town Council be freeholders unconstitutional and is unenforceable. Although my decision renders the issue of using write-in ballots in this election moot, I will also discuss that issue.

I. *The Freeholder Issue*

The decision of the United States Supreme Court in *Turner v. Fouche*, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970), is binding on this Court and this State as to the question of whether a member of the

Town Council of the Town of Frederica must be a freeholder. In that case the Supreme Court of the United States found unconstitutional a Georgia statute requiring candidates for a County Board of Elections to be freeholders since the statute deprived non-property owners of equal protection of the law. Defendants, however, urge that certain language in the *Turner* case carves out an exception to the general rule that property qualifications cannot be imposed upon a candidate for public office. The Supreme Court stated in *Turner*:

> "[O]ther circumstances might present themselves in which a [requirement] for office-holding could survive constitutional scrutiny."

Defendants urge that there is a rational basis for requiring that the members of the Town Council of Frederica be property owners. They argue that since the Town's freeholders pay two-thirds of the Town's expenses, the right to hold office should be restricted to them.

I fail to find any rational basis for limiting council membership to property owners. As even the defendants concede, one-third of the Town's revenue comes from sources other than the real property tax. Lessees of real estate indirectly contribute to the real estate taxes. The Town has authority not only to levy taxes on real estate but also to pass ordinances, the violations of which are crimes. 47 Del.L., c. 32 §9. Wellwood, as a resident of Frederica, is bound to obey the ordinances enacted by the Town. There is, therefore, no justifiable basis to deny him the right to serve on the Town Council if he can convince the voters of Frederica that he should be elected.

Other cases which have considered this question have uniformly struck down property qualifications for candidates for elective office. *Hill v. Stone*, 421 U.S. 289, 95 S.Ct. 1637, 44 L.Ed.2d 172 (1975) and *Kramer v. Union Free School District*, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969).

I therefore hold that the Town of Frederica may not deny Wellwood a place on the ballot at the annual municipal election merely because he is not a freeholder in the Town.

## II. *The Remedy*

Having ruled that Wellwood cannot be excluded from the ballot at the 1979 annual municipal election, I must now decide how this election is to be conducted. It would be manifestly unfair to merely direct that Wellwood's name be placed on the ballot as the only candidate without giving the other residents of the Town an opportunity to have their names placed on the ballot, if they now so desire. To do so would be to change the rules in the middle of the game. This Court, as the Court of Chancery, must do equity. *Lichens Co. v. Standard Commercial Tobacco Co.*, 28 Del.Ch. 200, 40 A.2d 447 (1944).

I therefore direct that the filing date for the 1979 municipal election of Frederica be reopened for a period of ten days from the date the Order is entered in this case and that the election take place no earlier than fourteen days following the closing date for the filing of candidates. Provisions in the Order shall also be made for the giving of notice to the citizens of Frederica of the opportunity to file as candidates and of the election.

## III. *The Write-In Issues*

A. *Write-in ballots where there are candidates and where voting machines are used.*

15 *Del.C.* § 5001(a)(3) provides that a voting machine "shall permit the voter to vote for the candidates of 1 or more parties, *or to write in the name of any candidate of his choice for any office*" (emphasis added). It is therefore clear that if voting machines are used in the annual municipal election in Frederica, the machines must be operated in such a way as to permit the writing in of the names of persons whose names do not appear on the ballot.

B. *Write-in ballots where there are no candidates.*

My holding that Wellwood's name must appear on the ballot renders moot the prayer of plaintiffs that write-in candidates be permitted because there will be no candidates listed on the ballot.

However, because this issue constantly plagues election officials in the smaller municipalities of this State, I will offer some comments by way of dicta which may be of some guidance to them in dealing with this problem.

The question of whether write-in ballots must be permitted in uncontested municipal elections in Delaware is not controlled by any general statute. 15 *Del.C.* § 5003 requires that voting machines shall be used in all municipal elections except "In the event no contest exists in municipal elections voting machines shall not be required."

The requirements of 15 *Del.C.* § 5001(a)(3) that a voting machine shall permit the voter to write in the name of any candidate of his choice for any office therefore does not apply where no contest exists in a municipal election. Nor is there any other general State statute which requires that write-in ballots be provided in municipal elections where no one has filed for office.

I find no controlling constitutional authority that holds that write-in ballots must be permitted in uncontested elections in small municipalities. The facts in the cases cited by plaintiffs are dissimilar to the facts existing in Frederica and therefore these cases are not dispositive of the issue. See *Thompson v. Wilson,* 223 Ga. 370, 155 S.E.2d 401 (1967); *Jackson v. Norris,* 173 Md. 579, 195 A. 576 (1937); *Stewart v. Cartwright,* 156 Ga. 192, 118 S.E. 859, 861–862 (1923); *Cohn v. Isensee,* 45 Cal.App. 531, 188 P. 279, 282 (1920); *Barr v. Cardell,* 173 Iowa 18, 155 N.W. 312, 314 (1915); *Wescott v. Scull,* 87 N.J.L. 410, 96 A. 407, 410 (1915); *People ex rel. Hiyne v. McCormick,* 261 Ill. 413, 103 N.E. 1053, 1057 (1913); *Mayor, etc. City of Jackson v. State,* 102 Miss. 663, 59 So. 873 (1912); *Littlejohn v. People,* 52 Colo. 217, 121 P. 159, 162 (1912); *Park v. Rives,* 40 Utah 47, 119 P. 1034, 1036 (1911); *Oughton v. Black,* 212 Pa. 1, 61 A. 346 (1905) dicta; *State ex rel. Runge v. Anderson,* 100 Wis. 523, 76 N.W. 482, 486 (1898); *Cole v. Tucker,* 164 Mass. 486, 41 N.E. 681 (1895); *Sanner v. Patton,* 155 Ill. 553, 40 N.E. 290, 293 (1895); *State ex rel. Attorney-General v. Dillon,* 32 Fla. 545, 14 So. 383, 393–394 (1893); *De Walt v. Bartley,* 146 Pa. 529, 24 A. 185 (1892); *People ex rel. Bradley v. Shaw,* 133 N.Y. 493, 31 N.E. 512 (1892).

It is easy to understand the reluctance of the officials of the Town of Frederica to permit write-in ballots in the case of uncontested elections. In an election in a small town such as Frederica, which has a population of less than 1,100, only a few voters vote in an uncontested election. Where there is no contest it is reasonable to assume that only a handful of persons will often vote—perhaps only the election officials or perhaps no one, in which case the incumbents shall continue to serve.

It is also easy to visualize that an unscrupulous person or group of persons might deliberately refrain from filing as candidates and then at the moment before the polls close, appear and elect themselves as the governing body of the town by writing in their names on a ballot.

Our form of government is predicated upon the concept that the majority rules, with constitutional protection for the minority against unfair or oppressive acts by the majority. Although Courts and government officials must be ever vigilant to protect the rights of minorities, the fountainhead of freedom is the right of a fully informed majority to elect its governmental representatives. Without rule by the majority, we have tyranny.

The officials of Frederica and similar small municipalities therefore have the difficult task of attempting to balance two competing interests. The first is the right of voters to express their displeasure at those who are serving as town officials. One way to express this disapproval is for them to write in names on a ballot even where there are no announced candidates and no prepared ballots. The second interest is the right of the electorate to be fully informed as to whom is seeking office and what they stand for. There is no easy answer to this dilemma and since the issue is not now properly before me, a definitive answer must await another day.

Plaintiffs should submit a proposed order in accordance with this Opinion after consulting with defendants.