Opinion of the Justices to the Senate.

*Primary. Constitutional Law,* Primary. *Elections.*

No provision of the Massachusetts Constitution prevents the enactment of legislation providing for absentee voting at primaries.

On March 24, 1971, the Justices submitted the following answer to a question propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit their answer to the question set forth in your request of February 22, 1971, transmitted to us on March 3, 1971.

The request recites that the prior General Court, on July 2, 1969, agreed by a vote of 219 to 22 to a "Proposal for a legislative amendment to the Constitution providing for voting by absent ballot at primaries and preliminary elections," House No. 3027 of 1969; and that this proposal has been taken from the files of the preceding General Court and is pending before the joint committee on election laws, presently designated as Senate No. 1262 of 1971, a copy of which was transmitted to us, with the view of having the present General Court agree to this proposal, as required by art. 48 of the Amendments to the Constitution of the Commonwealth before a proposal for a legislative amendment may be submitted to the people.

The request also recites the pendency before the Senate of a bill, Senate No. 499, a copy of which was also transmitted to us. The title of the bill is, "An Act providing that the laws applicable to absentee voting in elections be extended to all primaries." The bill reads, "Chapter 53 of the General Laws is hereby amended by inserting at the end of section 24, as appearing in the Tercentenary Edition,

the following sentence: — The provisions of sections eighty-six through one hundred and three A, inclusive, of chapter fifty-four shall apply to all primaries."

The order recites that grave doubt exists as to the constitutionality of Senate No. 499 if enacted into law.

The question is:

"May the general court provide by statute for voting, at primaries and preliminary elections, by qualified voters of the commonwealth who are, at the time of such primary or preliminary election, absent from the city or town of which they are inhabitants or who are unable by reason of physical disability to cast their votes in person at the polling places?"

Absentee voting at an "election" is authorized by art. 45 of the Amendments (approved 1917) as superseded by art. 76 (approved 1944) which reads: "Art. LXXVI. Article XLV of the articles of amendment is hereby annulled and the following is adopted in place thereof: — *Article XLV.* The general court shall have power to provide by law for voting, in the choice of any officer to be elected or upon any question submitted at an election, by qualified voters of the commonwealth who, at the time of such an election, are absent from the city or town of which they are inhabitants or are unable by reason of physical disability to cast their votes in person at the polling places."

The debates during the Constitutional Convention of 1917–1918 indicated that no constitutional question was involved with reference to the power of the General Court to make any provision for nominations and primaries. 3 Debates, 3, 13. See 3 Debates, 47. Thus, an amendment which sought to give the Legislature authority to make provisions for absentee voting at primaries and nominations was defeated.

We conclude that no constitutional issue is involved. The Massachusetts Constitution does not refer to primaries and nominations as such, but concerns itself only with elec-

tions.  Massachusetts Constitution, Declaration of Rights, arts. 8 and 9; arts. of Amendment 14, 15, 16, 17, 19, 24, 38, 45, 61, 64 and 76.

The primary or direct nomination procedure came into practice by legislative act (St. 1911, c. 550).  Prior to the 1911 statute, nomination was largely by party conventions the delegates to which were elected or selected by caucus methods.  See St. 1893, c. 417, §§ 71–91; R. L. c. 11, §§ 85– 155.  Except where the Constitution makes express provision, the Legislature has broad powers to deal with elections.  The nomination process is already governed by statute.  See St. 1913, c. 835; St. 1916, c. 16; St. 1919, c. 289, §§ 20, 21; G. L. c. 53, §§ 23 et seq.; *Capen* v. *Foster*, 12 Pick. 485, 488–492; *Kinneen* v. *Wells*, 144 Mass. 497, 499–501; *Cole* v. *Tucker*, 164 Mass. 486, 487–489; *Commonwealth* v. *Rogers*, 181 Mass. 184, 186–188; *Moore* v. *Election Commrs. of Cambridge*, 309 Mass. 303, 312–319.  See also *Morrissey* v. *State Ballot Law Commn*. 312 Mass. 121, 133.

*Nichols* v. *Board of Election Commrs. of Boston*, 196 Mass. 410, deals with voting procedure at final elections.  It does not deny the Legislature the power to exercise statutory authority over voting procedures at nominations.  "A primary election is not an election to public office.  It is merely the selection of candidates for office by the members of a political party in a manner having the form of an election."  *Line* v. *Board of Election Canvassers of Menominee County*, 154 Mich. 329, 332.

We interpret art. 76 to apply only to State and other final elections.  No constitutional provisions prevent the Legislature from enacting Senate No. 499 of 1971.  The answer to the question submitted is, "Yes."

G. Joseph Tauro.
John V. Spalding.
R. Ammi Cutter.
Jacob J. Spiegel.
Paul C. Reardon.
Francis J. Quirico.
Robert Braucher.