## OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

*Primary. Constitutional Law*, Primary. *Elections.*

Article 9 of the Declaration of Rights of the Massachusetts Constitution does not apply to prevent the enactment of pending legislation providing that "[n]ames of candidates for the offices of governor and lieutenant-governor shall be placed upon the ballot [at primaries] in groups, according to the political parties which they represent." [831]

On July 29, 1975, the Justices submitted the following answer to a question propounded to them by the House of Representatives.

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit this answer to the question set forth in an order

adopted by the House on May 20, 1975, and transmitted to us on May 28, 1975. The order recites that pending before the General Court is House Bill No. 5793, entitled "An Act providing that certain candidates for the offices of governor and lieutenant-governor be nominated in groups," and that grave doubt exists as to the constitutionality of § 1 of said bill if enacted into law. A copy of the bill was transmitted to us with the order.

Section 1 of the bill would amend the first paragraph of G. L. c. 53, § 34, as appearing in St. 1973, c. 429, § 3, by adding the following six sentences:

"Names of candidates for the offices of governor and lieutenant-governor shall be placed upon the ballot in groups, according to the political parties which they represent. On the right of each group shall appear a square in which the voter may designated [*sic*] by a cross (X) his choice. The placing of such a cross in the square shall constitute a vote for the candidate for governor and a vote for the candidate for lieutenant-governor so designated. The order of the various groups on the ballot shall be determined as follows: — The group in which appears the name of a candidate for governor who is an incumbent shall be placed first. Next in order shall appear the groups of candidates of political parties, arranged alphabetically in accordance with the surnames of the candidates for governor. All other offices shall follow in the order prescribed by section forty-three A of chapter fifty-four."

The question is:

"Would the enactment of House, No. 5793 which would require that each candidate for governor in party primary elections run together with a candidate for lieutenant-governor as groups, which in effect would prohibit a single individual from running for either office without a partner, be an unconstitutional impairment of the equal right of all inhabitants to elected office under the provisions of Part I of Article IX of the Constitution of the Commonwealth?"

We invited briefs to be filed by interested persons. The only brief filed was by the Governor.

The joint election of Governor and Lieutenant Governor is authorized by art. 86 of the Amendments to the Massachusetts Constitution which provides that "[n]ames of candidates of political parties for the offices of governor and lieutenant-governor shall be grouped on the official ballot for use at state elections according to the parties they represent, and the voter may cast a single vote for any such group, which shall count as a vote for each candidate in such group, but may not cast a vote for only one of the candidates in such group." While art. 86 requires the joint election of Governor and Lieutenant Governor in State elections, § 1 of House Bill No. 5793 would require the same procedure in primaries. The issue is whether the implementation of this procedure by statute rather than by constitutional amendment would violate art. 9 of the Declaration of Rights of the Massachusetts Constitution, which provides that "[a]ll elections ought to be free; and all the inhabitants of this Commonwealth, having such qualifications as they shall establish by their frame of government, have an equal right to elect officers, and to be elected, for public employments."

House No. 5793 deals only with primaries, and seeks to harmonize the voting procedure in primaries with that required in State elections. There is no showing that the proposed procedure would be biased or unfair. Cf. *Tsongas* v. *Secretary of the Commonwealth*, 362 Mass. 708, 714-715 (1972). We add that, if it were now argued that this bill, if enacted, would have a necessary effect on elections as well as on primaries, there is a provision for candidates to stand for election without prevailing in a primary election. See G. L. c. 53, § 6.

In 1971 we were asked a similar question in a parallel situation. Article 45 of the Amendments to the Massachusetts Constitution authorized absentee voting at an election. The question presented was whether by statute the General Court could provide for absentee voting in

primaries. We concluded that the Massachusetts Constitution, including art. 9 of the Declaration of Rights, did not refer to primaries and nominations as such, but concerned itself only with elections. *Opinion of the Justices*, 359 Mass. 775, 776-777 (1971). We concluded that no constitutional issue was involved; we answered the question affirmatively.

Similarly, House Bill No. 5793 deals only with primaries. Therefore, art. 9 of the Declaration of Rights does not apply. Consequently, the answer to the question submitted is, "No."

<div align="right">

G. JOSEPH TAURO
PAUL C. REARDON
FRANCIS J. QUIRICO
ROBERT BRAUCHER
EDWARD F. HENNESSEY
BENJAMIN KAPLAN
HERBERT P. WILKINS